E-FILED
Anne Arundel Circuit Court
8/31/2016 7:34:27 PM

IN THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY, MARYLAND

JEFFREY DOYLE    *
1060 W. FRANKLIN STREET
HAGERSTOWN, MD 21741    *

       Plaintiff,    *

v.    *    Case No. C-02-CV-16-002759

FRONTLINE ASSET STRATEGIES, LLC   *
1935 WEST COUNTY ROAD, B2
SUITE 425    *
ROSEVILLE, MN 55113

      *

     SERVE ON:
     THE CORPORATION TRUST    *
     INCORPORATED
     351 WEST CAMDEN STREET    *
     BALTIMORE, MD 21201

      *

And

      *

RESURGENT CAPITAL SERVICES L.P.
55 BEATTIE PLACE, SUITE 110, MS425   *
GREENVILLE, SC 29601

      *

     SERVE ON:
     CSC-LAWYERS    *
     INCORPORATING
     SERVICE COMPANY    *
     7 ST. PAUL STREET
     SUITE 820    *
     BALTIMORE, MD 21202

      *

      Defendants    *

## CLASS ACTION COMPLAINT

&

## DEMAND FOR JURY TRIAL

Plaintiff, Jeffrey Doyle, ("Doyle") individually and on behalf of all Maryland residents

similarly situated and by his attorneys Matthew Vocci, Jane Santoni, Chelsea Ortega and Santoni, Vocci

& Ortega, LLC, Scott Borison and Legg Law Firm, LLP, and Phillip Robinson and the Consumer Law Center hereby brings this Class Action Complaint and Request for Jury Trial sue Defendants, Frontline Asset Strategies, LLC ("Frontline") and Resurgent Capital Services L.P. ("Resurgent") and states:

### I.INTRODUCTION

1. The claims outlined herein exemplify certain predatory and deceptive debt collection practices which have garnered headlines and damaged the economy for the past several years in which certain persons and entities involved in the debt collection field flout the law and which have embroiled Named Plaintiff and the putative Class he seeks to represent, who continues to suffer damages and losses directly and proximately caused by Frontline and Resurgent's unsafe and unsound debt collection practices related to the collection of void judgments on behalf of others who had no right to collect any sum through lawsuits filed for which a void judgment was entered.

2. Specifically, Frontline, as debt collector for LVNV and agent of Resurgent, and Resurgent, as servicer for LVNV, knowingly collected or attempted to collect from Named Plaintiff and a Class of similarly situated persons on behalf of an  unlicensed, collection agency throughout the State of Maryland who obtained judgments which are void and unenforceable.  Frontline and Resurgent and their members have known the law and since 2007 the law has been clear that in order for a collection agency to collect by filing lawsuits or attempt to collect upon a judgment obtained from the lawsuits, they had to be licensed as a collection agency by the Maryland collection Agency Licensing Board before filing the lawsuit and attempting to collect by seeking a judgment in a Maryland court.  Further, a person who is required to be licensed as a collection agency

may not shield its collection activities through persons like Frontline and Resurgent who are required to have a separate license; all efforts to argue such a limitation on the clear and unambiguous Maryland law have been rejected.

3. By unfairly and deceptively aiding and assisting an unlicensed collection agency in the State of Maryland, as described herein, Frontline and Resurgent have unfairly and deceptively affected the consumer transactions of the putative Class members and asserted rights through the Court which Frontline and Resurgent and their members knew do not exist.

4. As a direct and proximate result of Frontline and Resurgent's attempts to collect consumer debts from them, Named Plaintiffs and the Class members have been damaged and harmed by : (i) Frontline and Resurgent claiming sums due from Named Plaintiffs and the Class members, related to void judgments obtained by unlicensed collection agencies which are not legally due or enforceable; (ii) Frontline and Resurgent claiming, threatening, and seeking sums, related to void judgments, sums those persons are not legally permitted to collect or even attempt to collect; (iii) Frontline and Resurgent assessing fees and costs to the purported judgments against the Named Plaintiff and the Class members which are unenforceable and a nullity; and (iv) recording and filing documents in various state courts and with third parties demanding payments based upon a void, unenforceable judgment entered in favor of an unlicensed collection agency; (v) using court documents and forms in connection with a void proceeding that wrongfully simulated legal or judicial process. In addition, Named Plaintiff and the Class members are entitled to statutory damages for Frontline and Resurgent's violation of certain of the claims before the Court in this action.

## II. PARTIES

5. Jeffrey Doyle is a resident of the State of Maryland and Washington County, Maryland, where the events described herein, as to his situation, occurred.

6. Defendant Frontline Asset Strategies, LLC is a collection agency which collects void judgments in the Maryland courts for unlicensed collection agencies. For example, Frontline collects on behalf of LVNV Funding LLC ("LVNV"). LVNV's judgments have been declared void. LVNV and other unlicensed collection agencies have delegated and assigned certain collection duties related to the void judgments to Frontline. The duties performed by Frontline include demanding and collecting money based on the void and unenforceable judgments. While Frontline knows or acts with reckless disregard of the fact that the judgments it is seeking to collect upon are void, it conceals such disclosure from the Named Plaintiff and the putative Class while making threats to utilize and actually utilizing Maryland state courts for its illegal practices. Finally, at all times relevant to these proceedings Frontline and its members were aware of these facts and knowingly continued to collect and attempt to collect on behalf of LVNV and upon information and belief, others, who had void judgments which conveyed no legal right to do so either directly or indirectly in the State of Maryland. Frontline was acting as the agent of Defendant Resurgent at all times referred to in this Complaint.

7. Defendant Resurgent is a servicer for debt collection companies, including LVNV Funding LLC. [1]   As such, Resurgent by itself and through its agents such as Frontline, collects void judgments in the Maryland courts for unlicensed collection agencies. The

---

[1] LVNV has no employees, they are all employees of Resurgent.

4

duties performed by Resurgent include demanding and collecting money based on void and unenforceable judgments. While Resurgent knows or acts with reckless disregard of the fact that the judgments it is seeking to collect upon are void, it conceals such disclosure from the Named Plaintiff and the putative Class while making threats to utilize and actually utilizing Maryland state courts for its illegal practices. Finally, at all times relevant to these proceedings Resurgent and its members were aware of these facts and knowingly continued to collect and attempt to collect on behalf of LVNV and others who had void judgments which conveyed no legal right to do so either directly or indirectly in the State of Maryland.

8. Not named as a Defendant in this action, LVNV Funding, LLC, is a limited liability company and collection agency which according to a prior, final judgment in the Circuit Court for Baltimore City, obtained thousands of void judgments and continued to collect upon those judgments, though Frontline and Resurgent and others, at least into May 2016 --even though LVNV and Frontline and Resurgent knew LVNV was not licensed when it obtained the judgments and since June 2013 that Maryland law determined the judgments to be void. See Finch v. LVNV Funding, LLC, 212 Md. App. 748, 71 A.3d 193, reconsideration denied (Sept 3, 2013), cert. denied sub nom. LVNV Funding v. Finch & Dorsey, 435 Md. 266, 77 A.3d 1084 (2013).

9. The State court judgment against LVNV is final and not subject to review by a federal court.

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter because Defendants regularly transact business and perform work and services in Maryland and Anne Arundel County,

Maryland and have availed themselves of the jurisdiction of this Court. Further, since this is an putative Class Action, the Circuit Court is the only court in the State of Maryland authorized to consider the matter pursuant to Md. Rule 2-231.

11. Declaratory and injunctive relief is available pursuant to Md. Code Ann. Cts. & Jud. Proc., §§3-401-3-415.

12. Venue is appropriate in this Court because the Defendants conduct business and its debt collection activities, within Anne Arundel County, Maryland.

## IV. FACTS

A.   BACKGROUND ON FRONTLINE, RESURGENT, AND LVNV

13. Frontline is a debt collector that practices throughout the State of Maryland and represents alleged creditors against consumers including the Named Plaintiff and putative Class members. Frontline is also a licensed Maryland collection agency.

14. Resurgent is a servicer for LVNV and thus is a debt collector that practices throughout the State of Maryland and represents alleged creditors against consumers including the Named Plaintiff and putative Class members. Resurgent is also a licensed Maryland collection agency

15. The Court of Special Appeals held in a published decision on June 30, 2013 that a judgment in favor of an unlicensed collection agency was void as a matter of law. *Finch v. LVNV Funding, LLC*, 212 Md. App 748.

16. On August 31, 2015 the Circuit Court for Baltimore City declared the judgments against the Class members in *Finch v. LVNV* (Case No. 24-C-11-007101) to be void and unenforceable as a matter of law. Frontline and Resurgent had constructive knowledge of this ruling and upon information and belief actual knowledge public record.

Resurgent knew because LVNV acts through Resurgent employees.

17. Upon information and belief Frontline and Resurgent have attempted to collect upon or have actually collected upon more than fifty class members in the Class period, as tolled by Frontline and Resurgent's concealment of the true facts and since Frontline and Resurgent knew based on the express holding of *Finch* that the judgments it was seeking to collect upon were void and unenforceable.

18. Frontline and Resurgent and their members and staff attorneys have known about the holding in the Court of Special Appeals decision in *Finch v. LVNV Funding, LLC,* 212 Md. App. 748, i.e. that judgments obtained from lawsuits filed by an unlicensed collection agency is void as a matter of law, since June 2013.

### 1. Background on Named Plaintiff

19. On December 1, 2008 LVNV Funding, LLC sued Mr. Doyle in the District Court of Maryland for  Washington County, Maryland (Case No. 11020005681-2008) based upon a consumer claim that it acquired in default from another for pennies on the dollar. LVNV was not licensed as a collection agency when it sued Mr. Doyle and thereafter when it obtained an affidavit judgment of $2033.99 against him on February 2, 2009. (i.e. "Doyle Judgment").  In accordance with *Finch,* the "Doyle Judgment" was void as a matter of law.

20. In 2015 Mr. Doyle attempted to buy a house and found out that he would not be able to because of the judgment against him.  He contacted Frontline, the "collection agency" for Resurgent, as servicer for LVNV, to make arrangements to pay the judgment. At no time did Frontline or Resurgent tell him that the judgment was void as a matter of law, was unenforceable, and that he owed nothing.

21. Instead, Defendants demanded payment of $2033.99 to satisfy the void and unenforceable judgment.

22. Mr. Doyle paid this in August 2015 and as a result Mr. Doyle has not had use of those funds. Defendants filed a "Satisfaction of Judgment" on behalf of LVNV on August 31, 2015.

23. As a result of Defendants' concealment of the true facts frm Mr. Doyle (and the courts), Mr. Doyle did not know that the Doyle Judgment was void and Defendants' collection of his assets was not proper and legal.  Had Defendants disclosed these facts and not elected to conceal them from Mr. Doyle, he could have acted upon his rights to stop Defendants' illegal activity sooner, and not paid the unenforceable judgment.

B.    THE DEFENDANTS' LEGAL DUTIES RELATED TO THE SUBJECT TRANSACTION

24. The Court of Appeals in 2005 recognized that a real estate professional who had no direct communication with a borrower nevertheless had a duty to a consumer under the Maryland Consumer Protection Act and Maryland common law to make a "reasonable investigation" of the true facts in the real estate transaction on which the borrower (and other parties) would rely in order to complete the transaction. *Hoffman v. Stamper*, 385 Md. 1, 867 A.2d 276 (2005).  This duty of care applies to Defendants acting as collectors under the Maryland Consumer Debt Collection Act to collect for others.

C.    MARYLAND'S RESPONSE TO THE UNLICENSED COLLECTION AGENCY
      AND DEBT COLLECTION CRISIS AS RELATED TO THE PLAINTIFFS

25. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(4)(6) since they are businesses engaged in purchasing and collecting on defaulted debts by using interstate wires and mail, among other acts.  *See also, Schlosser v. Fairbanks*

8

*Capital Corp.,* 323 F.3d 534, 536 (7th Cir. 2003) (the FDCPA "treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. *See Bailey v. Security Nat'l Servicing Corp.,* 154 F.3d 384, 387 (7th Cir.1998); *Whitaker v. Ameritech Corp.,* 129 F.3d 952, 958 (7th Cir.1997); *see also Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379, 403-04 (3d Cir.2000); *Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103, 106-07 (6th Cir.1996); *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.1985)").

26. Defendants also act as "collection agencies" as defined by the Maryland Collection Agency Licensing Act, MD CODE ANN., BUS. REG. §7-101, *et seq.* ("MCALA").

27. As part of its routine and on-going collection practices, Defendants regularly collect payments and/or reinstatement sums or short-payoffs, all related to consumer claims, by and through the mails and interstate wires on behalf of LVNV and others. Defendants also attempt to collect through civil litigation in Maryland Courts initiated by it on behalf of others and through its authorized agents, including actions which are filed as foreclosure actions in the state courts and also through bankruptcy proceedings in the United States Bankruptcy Court for Maryland.

28. Under MD CODE ANN., BUS. REG. §7-301, a person must have a license to do business as a collection agency in the State of Maryland.

29. The Maryland Commissioner of Financial Regulation, the state regulator of persons who acquire consumer debt after default and file lawsuits in Maryland to collect the debt, has clearly stated that:[2]

---

[2] *In the Matter of: Midland Funding, LLC, et al.,* before the Maryland State Collection Agency Licensing Board in the Office of the Commissioner of Financial Regulation, CFR-FY-2010-063.

... 4. The position of the Agency is that, unless otherwise exempt, a person who brings actions in Maryland State courts to collect consumer claims which were acquired when the claims were in default is knowingly and willfully doing business as a "collection agency" in the State under [Bus. Reg.] § 7-101(c). This includes, but is not limited to, the named Plaintiffs in such judicial actions, which will normally be the owners of the consumer debt.

5. Thus the Agency's position is that a Plaintiff in a Maryland State court action brought to collect a consumer claim which was acquired when the claim was in default is required to be licensed as a collection agency under MCALA, and is subject to the regulatory authority of the Agency in the conduct of that litigation.

6. The position of the Agency is that a person who brings judicial actions in Maryland State courts to collect consumer claims which were acquired when the claims were in default also meet the definition of "collector" under CL § 14-201(b) of the Maryland Consumer Debt Collection Act ("MCDCA," at Commercial Law Article ("CL"), § 14-201 *et seq.*, Annotated Code of Maryland) and of "debt collector" under 15 U.S.C. § 1692(a) of the Fair Debt Collection Practices Act ("FDCPA," at 15 U.S.C. § 1692, *et seq.*)...

30. Before the 2007 session of the Maryland General Assembly, debt buyers like LVNV sought to avoid Maryland statutes and regulation by asserting that they were not subject to Maryland statues addressing collection agencies. *See*, Legislative History for 2007 chap. 472 (Bus. Reg. 7-101) HB 1324. As a result, the 2007 General Assembly required Ventures Trust 2013-I-H-R, and other debt buyers to acquire a license by October 1, 2007. *Id.* All persons had knowledge of the law.

31. However, Frontline and/or Resurgent have attempted to collect from Named Plaintiff and the Class members on behalf of others, who were required to be licensed but who were not when they filed and maintaining lawsuits that resulted in void and unenforceable judgments, and then collecting money they had no legal right to collect. Frontline and/or Resurgent know the named Plaintiff's and Class members' judgments are void and unenforceable (as a matter of law) but acted anyway to conceal these facts

from the courts and debtors.

32. Following enactment of HB 1324 the Maryland Commissioner of Financial Regulation issued its position on the change in law as DLLR Advisory Notice No. 07-06 ("Advisory"). The Advisory clearly stated the Commissioner's official position on the changes to MCALA, i.e.: "... effective October 1, 2007 any person engaged in the collection of a consumer claim the person owns, if the claim was in default when the person acquired it, is required to be licensed as a collection agency pursuant to HB 1324 ...".

33. Frontline and/or Resurgent have willfully and knowingly sought, directly or indirectly, to collect debts on behalf of their unlicensed principals and void judgments obtained by them, including threatened use and actual use of the court system without the right to do so. Frontline and/or Resurgent have also recklessly disregarded the notice described in the proceeding paragraphs, failed to conduct reasonable investigations and instead proceeded in its collection attempts with knowledge that the judgments entered against the Class are unenforceable and void. Further, Frontline and/or Resurgent have conspired with LVNV and other to collect on these void judgments when they knew as a matter of law that the judgments are void and unenforceable. These are material false and misleading statements and omissions by Frontline and/or Resurgent which would and have mislead the least sophisticated consumer by: (i) enticing voluntary payments for sums not legally due or (ii) led an unsophisticated consumer to forgo a valid defense.

D.   **NAMED PLAINTIFF'S CLASS ALLEGATIONS**

34. This action is also properly brought as a Class under Rule 2-231. Named Plaintiff proposes, as the definition of the Class, that it be defined as follows:

> Those persons in the State of Maryland from whom Frontline and/or Resurgent have communicated with directly or indirectly for the purpose of collecting a judgment entered in favor of an unlicensed collection agency that filed suit when it was unlicensed.

35. The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the Class are also readily identifiable from the information and public records and Frontline and/or Resurgent business records. Upon information and belief, the size of the Class exceeds more than a hundred persons.

36. The Class members are sufficiently numerous that individual joinder of all members is impractical. This allegation is based in part on the fact that Defendants' participation in collection actions related to consumer claims in the State of Maryland exceeds 1,000 cases based upon information and belief, throughout the State of Maryland related to the Named Plaintiff and Class. Further, upon information and belief Frontline and/or Resurgent have attempted and/or actually utilized the collection tools of the state courts to collect from Class members.

37. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class and, in fact, the wrongs alleged against Defendants by the Class members and the remedies sought by Named Plaintiff and the Class against Defendants are identical, the only difference being the exact sum which each Class Member is entitled to receive. The common issues include, but are certainly not limited to:

12

a.   Whether Frontline and/or Resurgent may lawfully assess consumer accounts for sums not validly due upon a void judgment in the State of Maryland;

b.   Whether Frontline and/or Resurgent may lawfully collect upon a void judgment through a garnishment or threat of garnishment in a Maryland state court;

c.   Whether Frontline and/or Resurgent's use of court forms to collect on a void judgment simulates legal or judicial process;

d.   Whether Frontline and/or Resurgent disclosed to the Named Plaintiff and the Class members and the Maryland Courts that the judgments it was collecting upon were void and unenforceable or omitted such, material facts;

e.   Whether Frontline and/or Resurgent's concealment of the true facts, that the judgments it was collecting were void and unenforceable judgments, tolls any limitations period(s) applied to the Class' claims;

f.   Whether Frontline and/or Resurgent knowingly communicated false or misleading information to other persons concerning the void judgments in order to force the Named Plaintiffs and Class members to pay sums under void and unenforceable judgments; and

g.   Whether Frontline and/or Resurgent are permitted to continue collecting void and unenforceable judgments from the Class.

38.  Named Plaintiff's legal and equitable claims are typical of and identical to each member of the Class and will be based on the same legal and factual theories.

39.  Defendants' defenses (which defenses are denied) would be typical of and identical for each member of the Class and will be based on the same legal and factual theories.

40.  The Named Plaintiff will also fairly and adequately represent and protect the interests of

the Class. Named Plaintiff has retained counsel experienced in consumer class actions including actions involving unlawful lending and debt collection practices. Named Plaintiff does not have any interests which might cause him not to vigorously prosecute this action or that are otherwise adverse to the interests of the members of the Class.

41. Certification of a Class under Rule 2-231(b)(2) and (b)(3) is appropriate as to the Class members in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of Class members' claims, and economies of time, effort and expenses will be fostered and uniformity of decisions will be ensured.

42. Named Plaintiff's claims are typical of the claims of the class members.

43. Named Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action. He is similarly situated with, and has suffered injuries similar to the members of the class he seeks to represent. Named Plaintiff has been wronged, wishes to obtain redress of the wrong, and wants the Defendants stopped from enriching themselves and others via illegal activities or otherwise perpetrating similar wrongs on others based upon void judgments.

44. Defendants' failure to disclose the true status of the void judgments they have collected upon as to the named Plaintiffs and Class Members has equitably tolled the running of any limitations that may otherwise apply to the claims of the Named Plaintiff and the members of the Class until Defendants made the disclosures they were required to make or the named Plaintiff and Class Members became aware that the judgments upon which Defendants were collecting were void—a date which is less than a year before the

commencement of this action. Defendants may not benefit from its failure to properly and fully disclose the true facts known to it. Defendants' affirmative acts, including using official court forms, are factors that contributed to and delayed the Plaintiff's and others discovery of the true facts that the judgments they sought to enforce were void and unenforceable.

45. Defendants have known since that a judgment entered in favor of an unlicensed collection agency was void since at least June 30, 2013.

46. The Named Plaintiff and members of the Class were not required to assume that Defendants were engaging in illegal activities with the aid and assistance of the courts. The Named Plaintiff and members of the Class were reasonable in not assuming that Frontline and/or Resurgent were aiding illegal activities.

47. Any limitations period that may otherwise apply to claims of the Named Plaintiff and members of the Class is equitably tolled since Defendants had a duty to disclose material facts to the Named Plaintiff and Class related to the void judgments and their illegal status. The omission of this fact made Defendants' actions unfair or deceptive and otherwise wrong as it asserted a right without a basis to do so.

48. Due to their presumed and actual knowledge, as described *supra*, Defendants had an appreciation that they were not entitled to receive the benefits they were attempting to collect or actually collecting from the Plaintiff and Class based upon void judgments.

49. The Class members have suffered damages, losses, and harm similar those sustained by the Named Plaintiff as described *supra*.

## COUNT I
## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
## DEFENDANT FRONTLINE

50. Named Plaintiff incorporate all preceding paragraphs as if set forth fully herein.

51. Named Plaintiffs seek a declaration that: (a) Frontline is not entitled, directly or indirectly, as a matter of law to collect against any member of the Class based upon a void judgment; (b) Named Plaintiffs also seek a declaration that Frontline may not, directly or indirectly threaten or actually utilize the assistance of any Maryland court to collect or attempt to collect upon and void judgment acquired by an unlicensed collection agency upon a consumer claim.

52. Frontline should be enjoined from attempting to collect any sums from Named Plaintiff and Class members, directly or indirectly, based upon a void judgment.

53. At all times Frontline was acting as agent of Resurgent, making Resurgent liable for the actions of Frontline

WHEREFORE, Named Plaintiff prays that this Court to enter judgment in their favor and to:

    A. Certify this case as a class action with the Named Plaintiff as the Class Representative and his attorneys as counsel on behalf of the Class described herein;

    B. Order appropriate injunctive relief against Frontline individually and as agent of Resurgent to prevent further violations of law or provide benefits to any person who has acquired a void judgment entered in favor of an unlicensed collection agency, including a preliminary and permanent injunction;

    C. Order and declare that as a matter of law Frontline, individually and as agent of Resurgent and any person acting on their behalf, including their authorized agents and attorneys, may not collect directly or indirectly from Named Plaintiff and the Class members alleged debts related to their homes and Property;

    D. Order and declare that Frontline individually and as agent of Resurgent, is not entitled

to the assistance of any Maryland Court to collect any void judgment of Named

Plaintiff or the Class members;

E.  Award reasonable attorneys' fees, litigation expenses and costs;

F.  Order other appropriate declaratory relief; and

G.  Provide such other or further relief as the Court deems appropriate.


## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692, *et seq.* FRONTLINE

54. Named Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

55. Defendant Frontline, individually and as agent of Resurgent, acquired its interest, to collect for another, in the Named Plaintiff's and Class members' void judgments (entered upon consumer claims) during a period in which it alleges (directly and indirectly) the judgments were owed and unpaid and therefore it is a Debt Collector within the meaning of 15 U.S.C. § 1692a(6).

56. By communicating with the Named Plaintiff and Class members directly and indirectly and threatening and/or actually pursuing litigation and demanding and collecting sums not legally due from the Named Plaintiff and Class members based upon void judgments, Frontline, individually and as agent of Resurgent, used false, deceptive, or misleading representations or means in connection with the collection of the consumer debts of the Named Plaintiff and Class members in violation of 15 U.S.C. § 1692e.

57. Frontline's actions, individually and as agent of Resurgent, described herein constitute unfair or unconscionable means to collect or attempt to collect from the Named Plaintiff

and Class Members in violation of 15 U.S.C. § 1692f.

58. Named Plaintiff and the Class Members have suffered actual economic and non-economic damages, as more fully described *supra* and have incurred attorney's fees and court costs as a result of Defendant's illegal debt collection practices and direct and indirect actions described herein

59. The FDCPA provides for statutory damages in addition to actual damages.

WHEREFORE Named Plaintiff prays that this Court to enter judgment in his favor and the Class' favor against Frontline upon their FDCPA claims and to:

A. Certify this case as a class action with the Named Plaintiff as class representative and their attorneys as counsel on behalf of the Class and described herein;

B. Award statutory damages in the amount allowed by the FDCPA equal to $500,000.00 to the Class members;

C. Award reasonable attorney's fees, litigation expenses and costs; and

Provide such other or further relief as the Court deems appropriate.

## COUNT III
## VIOLATION OF MARYLAND'S CONSUMER DEBT COLLECTION ACT MD CODE ANN. COM. LAW §14-201 et seq. ("MCDCA") FRONTLINE

60. Named Plaintifff incorporates all preceding paragraphs as if set forth fully herein.

61. Defendant Frontline, individually and as agent of Resurgent, is a collector by attempting to collect upn debts of the Named Plaintiff and Class members arising out of consumer transactions – void judgments upon consumer claims entered in favor of unlicensed collection agencies.  MD Code Ann., Com.Law §14-202(8).

62. Further, Frontilne, individually and as agent of Resurgent, has maintained that it may continue collection efforts and continue to collect money based on these void judgments against the named Plaintiff and the Class Members, through Maryland Courts, even though it had no legal right to pursue the actions based upon an illegal nullity. Such threats and actions violate Md. Code Ann. Com Law §14-202(8).

63. By filing documents in the government's and court records throughout the State of Maryland indicating that it has a right to collect payments from the Named Plaintiff and Class Members based upon void and unenforceable judgments in favor of an unlicensed collection agency, Frontline, individually and as agent of Resurgent, has used a communication in collecting or attempting to collect a debt which improperly implies that the government or a government agency has authorized the collection effort when the government has not done so, in violation of Md Code Ann. Com. Law §14-202(9).

64. By filing official court forms to collect on void and unenforceable judgments, Frontline, individually and as agent of Resurgent, has simulated legal and judicial process in violation of Md. Code An. Com. Law §14-202(6).

65. Named Plaintiff and the Class members are therefore entitled to their damages and losses described *supra* which have proximatley resulted from Frontline's direct and indirect actions in violation of the MCDCA. MD Code Ann. Com Law. §14-203.

WHEREFORE, Named Plaintiff prays that this Court enter judgment in his and the Class's favor agaisnt the Defendant Frontline on their MCDCA claims and to:

A. Certify this claim as a class action with the Named Plaintiff as the Class Representative and his attorneys as counsel on behalf of the Class described herein for the limited purpose pursuant to 2-231 (d) for determining the Defendant

Frontline's liability to the Class pursuant to the MCDCA;

B. Award actual damages to Named Plaintiff for his individual damages under the MCDCA in the sum in excess of $75,000 or such amount determined by the jury.

C. Award reasonable attorneys's fees, litigation expenses and costs; and

D. Provide such other or further relief as the Court deems appropriate.

## COUNT IV
## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
## DEFENDANT RESURGENT

66. Named Plaintiff incorporate all preceding paragraphs as if set forth fully herein.

67. Defendant Frontline at all times referred to in this Complaint, was acting as the agent of Resurgent, to make Resurgent liable for Frontline's actions.

68. In addition, Resurgent as servicer for LVNV, is liable for its own actions.

69. Named Plaintiffs seek a declaration that: (a) Resurgent is not entitled, directly or indirectly, as a matter of law to collect against any member of the Class based upon a void judgment; (b) Named Plaintiffs also seek a declaration that Resurgent may not, directly or indirectly threaten or actually utilize the assistance of any Maryland court to collect or attempt to collect upon and void judgment acquired by an unlicensed collection agency upon a consumer claim.

70. Resurgent should be enjoined from attempting to collect any sums from Named Plaintiff and Class members, directly or indirectly, based upon a void judgment.

WHEREFORE, Named Plaintiff prays that this Court to enter judgment in their favor and to:

A. Certify this case as a class action with the Named Plaintiff as the Class

20

Representative and his attorneys as counsel on behalf of the Class described herein;

B. Order appropriate injunctive relief against Resurgent to prevent further violations

of law or provide benefits to any person who has acquired a void judgment entered

in favor of an unlicensed collection agency, including a preliminary and permanent

injunction;

C. Order and declare that as a matter of law Resurgent and any person acting on its

behalf, including its authorized agents and attorneys, may not collect directly or

indirectly from Named Plaintiff and the Class members alleged debts related to their

homes and Property;

D. Order and declare that Resurgent is not entitled to the assistance of any Maryland

Court to collect any void judgment of Named Plaintiff or the Class members;

E.   Award reasonable attorneys' fees, litigation expenses and costs;

F.   Order other appropriate declaratory relief; and

G.   Provide such other or further relief as the Court deems appropriate.


## COUNT V

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**U.S.C. § 1692,** *et seq.*
**RESURGENT**

71. Named Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

72. Defendant Frontline at all times referred to in this Complaint, was acting as the agent of

Resurgent, to make Resurgent liable for Frontline's actions.

73. In addition, Resurgent as servicer for LVNV, is liable for its own actions.

74. Defendant Resurgent acquired its interest, to collect for another, in the Named Plaintiff's

21

and Class members' void judgments (entered upon consumer claims) during a period in which it alleges (directly and indirectly) the judgments were owed and unpaid and therefore it is a Debt Collector within the meaning of 15 U.S.C. § 1692a(6).

75. By communicating with the Named Plaintiff and Class members directly and indirectly and threatening and/or actually pursuing litigation and demanding and collecting sums not legally due from the Named Plaintiff and Class members based upon void judgments, Resurgent used false, deceptive, or misleading representations or means in connection with the collection of the consumer debts of the Named Plaintiff and Class members in violation of 15 U.S.C. § 1692e.

76. Resurgent's actions described herein constitute unfair or unconscionable means to collect or attempt to collect from the Named Plaintiff and Class Members in violation of 15 U.S.C. § 1692f.

77. Named Plaintiff and the Class Members have suffered actual economic and non-economic damages, as more fully described *supra* and have incurred attorney's fees and court costs as a result of Defendant's illegal debt collection practices and direct and indirect actions described herein

78. The FDCPA provides for statutory damages in addition to actual damages.

WHEREFORE Named Plaintiff prays that this Court to enter judgment in his favor and the Class' favor against Resurgent upon their FDCPA claims and to:

A. Certify this case as a class action with the Named Plaintiff as class representative and their attorneys as counsel on behalf of the Class and described herein;

B. Award statutory damages in the amount allowed by the FDCPA equal to $500,000.00 to the Class members;

C. Award reasonable attorney's fees, litigation expenses and costs; and

Provide such other or further relief as the Court deems appropriate.

**COUNT VI**
**VIOLATION OF MARYLAND'S CONSUMER DEBT COLLECTION ACT MD**
**CODE ANN. COM. LAW §14-201 et seq. ("MCDCA")**
**RESURGENT**

79. Named Plaintifff incorporates all preceding paragraphs as if set forth fully herein.

80. Defendant Frontline at all times referred to in this Complaint, was acting as the agent of Resurgent, to make Resurgent liable for Frontline's actions.

81. In addition, Resurgent as servicer for LVNV, is liable for its own actions.

82. Defendant Resurgent is a collector by attempting to collect upon debts of the Named Plainiff and Class members arising out of consumer transactions – viod judgments upon consumer claims entered in favor of unlicensed collection agencies. MD Code Ann., Com.Law §14-202(8).

83. Further, Resurgent has maintained that it may continue collection efforts and continue to collect money based on these void judgments against the named Plaintiff and the Class Members, through Maryland Courts, even though it had no legal right to pursue the actions based upon an illegal nullity. Such threats and actions violate Md. Code Ann. Com Law §14-202(8).

84. By filing documents in the government's and court records throughout the State of Maryland indicating that it has a right ot collect payments from the Named Plaintiff and Class Members based upon void and unenforceable judgments in favor of an unlicensed collection agency, Resurgent has used a communication in collecting or attempting to collect a debt which improperly implies that the government or a government agency

23

has authorized the collection effort when the government has not done so, in violation of Md Code Ann. Com. Law §14-202(9).

85. By filing official court forms to collect on void and unenforceable judgments, Resurgent has simulated legal and judicial process in violation of Md. Code An. Com. Law §14-202(6).

86. Named Plaintiff and the Class members are therefore entitled to their damages and losses described *supra* which have proximatley resulted from Resurgent's direct and indirect actions in violation of the MCDCA.  MD Code Ann. Com Law. §14-203.

WHEREFORE,  Named Plaintiff prays that this Court enter judgment in his and the Class's favor agaisnt the Defendant Resurgent on their MCDCA claims and to:

A.  Certify this claim as a  class action with the Named Plaintiff as the Class Representative and his attorneys as counsel on behalf of the Class described herein for the limited purpose pursuant to 2-231 (d) for determining the Defendant Resurgent's liability to the Class pursuant to the MCDCA;

B.  Award actual damages to Named Plaintiff for his individual damages under the MCDCA in the sum in excess of  $75,000 or such amount determined by the jury.

C.  Award reasonable attorneys's fees, litigation expenses and costs; and

D.  Provide such other or further relief as the Court deems appropriate.


Respectfully Submitted,


/s// Matthew Vocci
_____
Matthew Vocci
Jane Santoni
Chelsea Ortega

24

## REQUEST FOR A JURY TRIAL

Named Plaintiff requests a jury trial on all claims asserted herein.

//s//Matthew Vocci

_____

Matthew Vocci