**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DISTRICT OF MARYLAND**

| | |
|---|---|
| JEFFREY DOYLE | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) Case No.  1:16-cv-03501-RDB |
| | ) |
| FRONTLINE ASSET STRATEGIES, LLC, | ) |
| ET AL. | ) |
| | ) |
| Defendants | ) |
| | ) |

**MEMONRADUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT, OR ALTERNATIVELY, MOTION FOR STAY OF**
**PROCEEDINGS**

I.      **BACKGROUND FACTS**

A.      **Plaintiff's Allegations in His Class Action Complaint**

On August 31, 2016, Plaintiff filed a six-count Putative Class Action Complaint in the

Circuit Court for Anne Arundel County, Maryland against Defendants Frontline Asset Strategies,

LLC ("Frontline") and Resurgent Capital Services, L.P. ("Resurgent").   [ECF No. 2].   This

action was timely removed to this Court on October 21, 2016.  [ECF No. 1].

Plaintiff's Complaint alleges that Frontline, as a debt collector for LVNV Funding, Inc.

("LVNV"), and as agent of Resurgent and Resurgent, as servicer for LVNV, collected or

attempted to collect on void judgments from the Plaintiff and the proposed class.  The Complaint

asserts that because LVNV was an unlicensed collection agency at the time it obtained

judgments, the judgments are void and unenforceable and that Frontline and Resurgent collected

on these void judgments.  ECF No. 2, ¶ 2].[1]  Plaintiff contends that the subject judgments owed

by Plaintiff and the putative class were declared void and unenforceable by the Circuit Court for

---

[1] All further references to the Complaint will be by paragraph number only.

Baltimore City, Maryland in the case of *Finch v. LVNV Funding, LLC*, Case No. 24-C-11-007101.  *See*, Part I.B. and [¶ 16] and Part I.B., *infra*.

LVNV obtained a $2,033.99 judgment against Mr. Doyle on December 1, 2008 in the District Court of Maryland for Washington County, Case No. 110200056812008).  [¶ 19].  Mr. Doyle alleges that when he attempted to purchase a house and found out about the judgment against him, he contacted Frontline to satisfy the judgment.  [¶ 20].  Plaintiff asserts that Frontline did not inform him that the judgment was void, and instead demanded full payment of $2,033.99.  [¶ 21].  Plaintiff satisfied the judgment on August 31, 2015.  [¶ 22].

Based on the allegation that Defendants attempted to collect on a void judgment, and despite the fact that the judgment has been satisfied, Plaintiff requests a declaration by this Court that the underlying, satisfied judgment is void and also asks this Court to enjoin Frontline and Resurgent from collecting on the judgment.  [Counts I and IV].  Plaintiff also asserts claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, [Counts II and V] and the Maryland Consumer Debt Collection Act, Md. Code, Com. Law, § 14-201, *et seq.*, [Counts III and VI] based on Defendants' efforts to collect on an alleged void judgment.

**B.**      ***Finch v. LVNV Funding, LLC*, Case No. 24-C-11-007101, Circuit Court for Baltimore City, Maryland (The "*Finch*" Case)**

In *Finch*, plaintiffs filed a class action complaint asking the Circuit Court for Baltimore City to declare LVNV judgments void because LVNV was not licensed at the time of entry of the judgments.  Plaintiffs also sought repayment of monies collected by LVNV from the alleged void judgments.  On appeal from the Circuit Court's Order granting LVNV's Motion to Dismiss, the Maryland Court of Special Appeals reversed, holding that a judgment entered in favor of an unlicensed agency was void as a matter of law.  *Finch v. LVNV Funding, LLC*, 212 Md.App. 748

(2013).[2]   More than two (2) years later, the Circuit Court, for the first time, declared the judgments entered against the Class members in *Finch* void and unenforceable.  [¶ 16].  *See also*, [Exhibit 1] (*Finch* docket entries).[3]

Plaintiff in this case is a *Finch* class member.  *See*, Affidavit of Meghan Emmerich.  Mr. Doyle was sent notice of the pendency of the class action and was given the opportunity to opt-out of the class to assert his own claim.  *See,* Exhibit 2, Administrative Order. The Circuit Court docket in the *Finch* case confirms that Mr. Doyle did not opt out of the class action. *See,* Exhibit 1.

After a three (3) day jury trial, the Court in *Finch* entered judgment on a jury verdict in favor of the class members (including Mr. Doyle) for $38,630,344.00 [Exhibit 1, Doc. No. 124/5] an amount far in excess of the sums paid by the class members, including Mr. Doyle, on their judgments.  *Compare,* Exhibit 3 (testimony of LVNV as to the sums collected [$3.5 million] with Exhibit 2 at Doc No. 141/3 (reducing jury verdict form $38,630.344.00 to $25,000,000.00).   LVNV has filed an appeal in *Finch*, which is currently pending in the Maryland Court of Special Appeals (Case No. 1075, Sept. Term 216).  LVNV's appeal addresses the question of whether the trial court erred in its Declaration of Law dated August 31, 2015 that determined the judgments obtained by LVNV to be void.  *See*, Exhibit 4 (Notice of Appeal in *Finch*).

## II.    STANDARD OF REVIEW

In *Colorado River Water Conservation District, et al. v. United States*, 424 U.S. 800 (1976) the United States Supreme Court held that a federal court may abstain from hearing a case

---

[2] The Court of Special Appeals did not decide whether LVNV was required to have a collection agency license but instead remanded the case to the Circuit Court to address that issue.

[3] This Court may take judicial notice of docket entries, pleadings, and papers  in other cases. *Mua v. California Cas. Indem. Exchange*, 2015 WL 4994504, at fn. 2 (D.Md. Aug. 17, 2015) *citing Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004).

where there is a pending, parallel state court lawsuit.   Under the doctrine developed by the Supreme Court in *Colorado River*, a Federal Court can either dismiss a Complaint or stay proceedings until the conclusion of state court proceedings.   Two conditions must be satisfied. First, as a threshold requirement, there must be parallel proceedings in state and federal court. *Id*. at 813.   Second, exceptional circumstances warranting abstention must also exist.   *Id*.   As to this second element, the Supreme Court declined to establish a rigid test for abstention but identified several relevant factors including:  (1) jurisdiction over the property, (2) inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, (4) the order in which jurisdiction was obtained, (5) whether federal law is implicated, and (6) whether the state court proceedings are adequate to protect the parties' rights.   *Id*. at 818.   *See also, Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 (1983).

As explained below, this Court should apply the *Colorado River* doctrine and either dismiss this action, or alternatively, stay all proceedings, until the conclusion of the *Finch* appeal.

## III. THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT, OR ALTERNATIVELY STAY ALL PROCEEDINGS PURSUANT TO THE *COLORADO RIVER* DOCTRINE

### A. This Case and the *Finch* case are Parallel Proceedings.

Simultaneous federal and state lawsuits are deemed parallel if "substantially the same parties litigate substantially the same issues."   *Extra Storage Space, LLC v. Maisel-Hollins Development, Co.*, 527 F.Supp.2d 462, 466 (D.Md. 2007) *citing New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991).   *See also*, *Holland v. Hay*, 840 F.Supp. 1091, 1099 (E.D.Va. 1994) (For proceedings to be parallel, the parties do not need to be identical.   Only the issues need to be substantially similar).   In determining whether proceedings

are parallel, the Fourth Circuit explains that this Court should consider: (1) the parties, (2) the legal issues, and (3) the remedy sought. *See, e.g., Great American Ins. Co. v. Gross*, 468 F.3d 199, 207-08 (4th Cir. 2006).

The parties in this case and *Finch* are virtually identical. Plaintiff is a class member in the *Finch* case. In *Finch,* the class was awarded approximately eight times the amount of money paid on the alleged void judgments. The Defendants here are substantially the same as LVNV. Resurgent is the servicer for LVNV and Frontline acted as a debt collector on behalf of LVNV. *See*, [¶¶ 6-7] ("Frontline collects on behalf of LVNV") and ("Resurgent is a servicer for debt collection companies, including LVNV"). In fact, the Plaintiff concedes that LVNV and Resurgent are substantially the same parties by alleging that "LVNV has no employees, they are all employees of Resurgent." [ECF No. 2 at fn. 1].

The issues raised in this case are identical to the issues raised in *Finch*. In *Finch*, the class plaintiffs (one of whom is Mr. Doyle) raised the question of whether judgments obtained by LVNV while it was unlicensed as a collection agency were void, arguing that collection on those judgments was improper. The same issue is raised in this case, namely whether Frontline and Resurgent collected on alleged void judgments obtained by LVNV. The question of whether those judgments are void is on appeal to the Maryland Court of Special Appeals in the *Finch* case and a determination on appeal would likely be dispositive of the claims in this case.

Finally, Mr. Doyle and the class in *Finch* seek the same remedies. In Counts I and IV, Plaintiff seeks a declaration determining the judgment LVNV obtained is void even though, as conceded by Plaintiff, the *Finch* court has already granted this relief. [¶¶ 15 and 16]. As to the requested relief under the FDCPA and MCDCA, Plaintiff seeks statutory and actual damages related to his payments on the alleged void judgments. Plaintiff, as a class member in *Finch*, has

already received a jury award of approximately eight times the amount of monies he paid on the judgments.  Should the jury award ultimately be upheld by the Maryland appellate courts, Plaintiff would be precluded from recovery under the doctrine barring a double recovery for the same harm.  *See generally*, *John B Parsons Home, LLC v. John B. Parsons Foundation*, 217 Md.App. 39, 62 (2014) ("double recovery for the same harm is not permissible").

This case involves virtually identical parties, issues, and the same requested relief as in *Finch*.  The "parallel proceedings" test is therefore satisfied.

**B.    The Circumstances of This Case and *Finch* Warrant Dismissal of this Case or a Stay of Proceedings Pending the *Finch* Appeal.**

Although no one factor is dispositive, the Supreme Court recognized that a court faced with determining whether to dismiss and/or stay proceedings in light of pending parallel state court litigation requires a review of several relevant factors, including (1) jurisdiction over the property, (2) inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, (4) the order in which jurisdiction was obtained, (5) whether federal law is implicated, and (6) whether the state court proceedings are adequate to protect the parties' rights.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 (1983).

**1.    Jurisdiction over the property**

Since there is no real property at issue in this case, the first factor – whether the subject matter of the state litigation involves a *res* – is not at issue.  *See, Extra Storage Space, LLC*,  527 F.Supp.2d at 467.

**2.    Inconvenience of the federal forum**

This factor is also not at issue in this case as neither party is inconvenience by litigation in this court.

### 3.      Desirability of avoiding piecemeal litigation

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Gannett Co., Inc., v. Clark Constr. Group, Inc.*, 286 F.3d 737, (4th Cir. 2002) (citations omitted).  For abstention to be appropriate "retention of jurisdiction must create the possibility of inefficiencies and inconsistent results." *Id* (emphasis added).  *See also, Moses H. Cone,* 460 U.S. at 16 ("the most important factor in our decision to approve the dismissal was the clear federal policy…[of] avoidance of piecemeal adjudication").

The central issue in both this case and *Finch* is whether LVNV, a "passive" debt buyer that engages in no collection action but instead hires licensed collection agencies and law firms to collect its debts on its behalf, also needed to be licensed as a Maryland collection agency.  The trial court in *Finch*  answered this question in the affirmative.  LVNV is appealing this ruling to the Maryland Court of Special Appeals.  Here, Mr. Doyle asserts that because LVNV was not licensed and obtained an alleged void judgment, the collection activity by Frontline and Resurgent on behalf of LVNV was illegal.  If in fact LVNV was not required to be licensed, then its judgments would not be void resulting in a resolution of this case in favor of the Defendants.

 If the Court allows this case to proceed while state court appellate proceedings in *Finch* are pending, the possibility of inconsistent results would follow.  The Maryland appellate court will determine whether LVNV was required to be licensed and therefore whether judgments obtained during its unlicensed period are void.  Without finality on that issue, this Court would decide a state law issue prior to a ruling by the Maryland appellate court on a specific Maryland state law issue.  *See*, *Blanch v. Chubb & Sons, Inc*., 124 F.Supp.3d 622, 635-36 (D.Md. 2015) (A federal court is not free to reject a state rule merely because it has not received the sanction of

the highest state court; rather, when an intermediate appellate state court rests its considered judgment upon the rule of law, that is a datum for ascertaining state law which is not to be disregarded by a federal court).  *See also*, Part III.B.5., *infra* (Maryland law determines whether LVNV was required to be licensed).

Should the Maryland Court of Special Appeals court determine that LVNV was not required to hold a collection agency license, then an interim ruling by this Court that Frontline and/or Resurgent violated Federal or State collection law would be subject to revision.  To ensure consistent results, abstention is required so that the Maryland appellate court can decide the dispositive issues presented in *Finch* and this case, i.e. does a passive debt buyer need to be licensed.

### 4.        Order in which jurisdiction was obtained

The *Finch* Complaint was filed on November 9, 2011.  Litigation has been ongoing for five (5) years and an appeal after a jury verdict has been noted with the Court of Special Appeals.  *See*, Exhibit 4, Argument in *Finch* is set for June, 2017.  *See*, Exhibit 5.  This case was filed less than three (3) months ago.  [ECF No. 2].  This factor weighs heavily in favor of abstention.

This lawsuit is a subsequent action based on the outcome of the *Finch* case.  The plaintiffs in *Finch* were successful at trial against LVNV.  This case flows directly from the *Finch* judgment as the plaintiff seeks damages against LVNV's servicer (Resurgent) and one of its collection agencies (Frontline) based on LVNV's judgments.  Abstention is appropriate in this case so that the *Finch* case can conclude through the appellate process.

### 5.     Whether federal law is implicated

Although Plaintiff makes a claim against each Defendant under Federal and Maryland collection law statutes, the central issue in this case involves Maryland law.  The determination whether LVNV needed a Maryland collection license under the Maryland Collection Agency Licensing Act is a question of Maryland law which the Maryland appellate court will determine in the *Finch* appeal.  Therefore, this Court should abstain from proceeding until the Maryland appellate court issues a decision on the dispositive Maryland issues in this case.

### 6.     Whether the state court proceedings are adequate to protect the parties' rights

The *Finch* case, in which the jury awarded to the Class approximately eight times the amount of monies paid on the judgments, adequately protects Plaintiff's rights.  The *Finch* appeal will determine the underlying validity of the claim in *Finch* and this case.  As such, the state court proceeding protects Mr. Doyle's rights.

## IV.     CONCLUSION

This Court should apply the *Colorado River* doctrine and dismissal and/or stay these proceedings.  This case and the *Finch* case present parallel litigation, and the exceptional circumstances outlined above weighs in favor of the Defendants for this Court to abstain from proceeding with this case.  For those reasons, Defendants respectfully request that this Court grant their Motion.

THE LAW OFFICES OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
Bar No. 01024
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone:  (301) 424-7490
Facsimile:   (301) 424-7470
rcanter@roncanterllc.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by ECF Procedures on this 10th day of November, 2016 to:

Matthew Vocci, Esq.
Jane Santoni, Esq.
Chelsea Ortega, Esq.
SANTONI, VOCCI & ORTEGA, LLC
401 Washington Avenue, Suite 200
Towson, Maryland 21204
mvocci@svolaw.com

Phillip Robinson, Esq.
CONSUMER LAW CENTER LLC
8737 Colesville Road, Suite 308
Silver Spring, Maryland 20910
phillip@marylandconsumer.com

Scott C. Borison, Esq.
LEGG LAW FIRM LLP
1900 S. Norfolk Road, Suite 350
San Mateo, California 94403
borison@legglaw.com

*Attorneys for Plaintiff*

/s/ Ronald S. Canter
Ronald S. Canter, Esquire
*Attorney for Defendants*