IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY DOYLE, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: RDB-16-3501 |
| FRONTLINE ASSET | * | |
| STRATEGIES, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Jeffrey Doyle ("Plaintiff" or "Doyle") has brought this putative class action against Defendants Frontline Asset Strategies, LLC ("Frontline") and Resurgent Capital Services L.P. ("Resurgent") (collectively "Defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Counts II & V), and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201, *et seq.* (Counts III & VI), in connection with Defendants' efforts to collect on void judgments obtained against Doyle and members of the putative class by LVNV Funding, LLC ("LVNV"), an unlicensed collection agency. Compl., ¶¶ 54-65, 71-86, ECF No. 2. This action was initially filed in the Circuit Court for Anne Arundel County, Maryland, but Defendants have subsequently removed the instant action to this Court, pursuant to 28 U.S.C. § 1441(b). *See* Notice of Removal, ECF No. 1. Currently pending before this Court is Defendants' Motion to Dismiss the Complaint, or alternatively, Motion for Stay of Proceedings (ECF No. 12), pursuant to the "Colorado River" abstention doctrine articulated

1

by the United States Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).[1]   The parties' submissions have been reviewed, and no hearing is necessary.   *See* Local Rule 105.6 (D. Md. 2016).   The Defendants have failed to satisfy the criteria set forth in *Colorado River*, and recently confirmed in *vonRosenberg v. Lawrence*, 849 F.3d 163, 168 (4th Cir. 2017).   Accordingly, for the reasons stated herein, Defendants' Motion to Dismiss the Complaint, or alternatively, Motion for Stay of Proceedings (ECF No. 12) is DENIED.

## BACKGROUND

I.   LVNV Funding, LLC's Maryland State Court Judgment Against Plaintiff Jeffrey Doyle

Plaintiff Jeffrey Doyle ("Plaintiff" or "Doyle") is a resident of Washington County, Maryland.   Compl., ¶ 5, ECF No. 2.   On December 1, 2008, LVNV Funding, LLC ("LVNV"), a collection agency, sued Doyle in the District Court of Maryland for Washington County, Case No. 11020005681-2008, "based upon a consumer claim that it acquired in default from another for pennies on the dollar."   *Id.*, ¶ 19.   LVNV subsequently "obtained an affidavit judgment of $2[,]033.99 against [Doyle] on February 2, 2009."   *Id.*

II.   *Finch v. LVNV Funding, LLC* Class Action Filed in the Circuit Court for Baltimore City, Maryland

On November 11, 2009, Larry Finch ("Finch") and Kurt A. Dorsey ("Dorsey"), two debtors against whom LVNV had also obtained judgments in 2009, filed a putative class

---

[1] Also pending before this Court is Plaintiff's Motion for Leave to File Surreply (ECF No. 17).   Although generally disfavored, surreplies are permitted in the discretion of this Court.   *See U.S. Home Corp. v. Settlers Crossing, LLC*, No. DKC-08-1863, 2012 WL 3025111, at *3 (D. Md. July 23, 2012) (granting leave to file surreply "given the complexity of the legal issues presented"); Local Rule 105.2(a) (D. Md. 2016) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed.").   In light of new issues raised for the first time in the Defendants' Reply brief, Plaintiff's Motion for Leave to File Surreply (ECF No. 17) is GRANTED.

action against LVNV in the Circuit Court for Baltimore City, Maryland (the "*Finch* Action")
on behalf of the class of "persons sued by LVNV in Maryland state courts from October 30,
2007 through February 17, 2010 against whom LVNV obtained a judgment for an alleged
debt, interest or costs, including attorneys['] fees in its favor in an attempt to collect a
consumer debt" (the "Finch Class").  *See Finch v. LVNV Funding, LLC*, 71 A.3d 193, 195
(Md. Ct. Spec. App. 2013).  Finch and Dorsey (collectively the "*Finch* Plaintiffs") alleged
"that LVNV engaged in illegal collection of debts because LVNV was not licensed as a
collection agency in Maryland, as required by the Maryland Collection Agency Licensing Act
("MCALA"), Md. Code Ann., Bus. Reg. § 7–301."  *Id.*  They alleged "that LVNV's
unlicensed collection activities violated the Maryland Consumer Debt Collection Act
("MCDCA"), Md. Code Ann., Com. Law §§ 14–201 to 14–204, and the Maryland Consumer
Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13–301" and sought "declaratory
judgment[,] . . . injunctive relief," "all judgment sums, costs, and pre-and post-judgment
interest [LVNV] ha[d] collected," and "individual and class claims for damages under the
MCDCA and the MCPA."  *Id.*  Upon motion of LVNV, the Circuit Court dismissed the
*Finch* Action, reasoning that all "claims [we]re barred as an impermissible attempt to mount a
collateral attack on the judgments entered by the District Court of Maryland for Baltimore
City." *Id.* at 195-96.  The *Finch* Plaintiffs subsequently appealed the Circuit Court's Order of
dismissal to the Court of Special Appeals of Maryland.

On appeal, the Court of Special Appeals "first consider[ed] whether the [D]istrict
[C]ourt judgments [we]re void," an issue "not expressly consider[ed]" by the Circuit Court,
ultimately holding in an opinion dated June 28, 2013, *Finch v. LVNV Funding, LLC*, 71 A.3d

193, 205 (Md. Ct. Spec. App. 2013), that "LVNV was not licensed when it obtained judgments against [the *Finch* Plaintiffs] in the [D]istrict [C]ourt; accordingly, the underlying [D]istrict [C]ourt judgments [we]re void." *Id.* at 196, 205. The Court of Special Appeals reversed the Circuit Court and remanded the *Finch* Action for further proceedings, "hold[ing] that the [C]ircuit [C]ourt erred in dismissing [the *Finch* Action] [C]omplaint" and that the "parties may collaterally attack a void judgment in another court." *Id.* The Court of Special Appeals denied reconsideration of its Judgment on September 3, 2013. *See id.* LVNV subsequently appealed the Judgment of the Court of Special Appeals to the Court of Appeals of Maryland, but the Court of Appeals denied certiorari on October 8, 2013. *See LVNV Funding v. Finch & Dorsey*, 77 A.3d 1084 (Md. 2013).

On remand, the Circuit Court for Baltimore City, Maryland certified the *Finch* Class and declared the judgments entered against the *Finch* Class members in the District Court of Maryland void and unenforceable. Compl., ¶ 16, ECF No. 2; *see Finch* Action Docket, p. 21, ECF No. 12-2. Following a three-day jury trial, the Circuit Court entered judgment on a jury verdict in favor of the Finch Class for $38,630,344.00. *See id.* at 33. LVNV has now filed a second appeal in the *Finch* Action action, which is currently pending before the Court of Special Appeals of Maryland. On appeal, LVNV challenges, *inter alia*, the Circuit Court's declaring the judgments obtained by LVNV to be void. *Finch* Action Not. of Appeal, ECF No. 12-5. As a member of the putative *Finch* Class, Doyle was sent notice of the pendency of the *Finch* Action and was given an opportunity to opt-out of the *Finch* Class. *See* Admin. Order & Notice, ECF No. 12-3. The Circuit Court docket confirms that Doyle did not opt-out of the Class Action. *See Finch* Action Docket, ECF No. 12-2.

III.    Defendant Resurgent Capital Services L.P. Collects on LVNV's 2009 Judgment Against Plaintiff Doyle

In 2015, during the pendency of the *Finch* Action, but after the Court of Special Appeals' ruling that judgments obtained by LVNV between 2007 and 2010 were void, Doyle attempted to buy a house, but found that he was unable to because of [LVNV's 2009] judgment against him."  Compl., ¶ 20, ECF No. 2.  Doyle "contacted [Frontline Asset Strategies ("Frontline")], the 'collection agency' for [Resurgent Capital Services L.P. ("Resurgent"), as servicer for LVNV (collectively "Defendants"), to . . . pay the judgment." *Id.*  Doyle contends that "[a]t no time did Frontline or Resurgent tell him that the judgment was void as a matter of law, was unenforceable, and that he owed nothing."  *Id.*  Rather, Frontline and Resurgent "demanded payment of $2[,]033.99 to satisfy the void and unenforceable judgment," and "Doyle paid this in August [of] 2015."  *Id.*, ¶¶ 21-22.

IV.    The Instant Putative Class Action Against Frontline and Resurgent

On August 31, 2016, Doyle brought the instant putative class action against Defendants Frontline and Resurgent in the Circuit Court for Anne Arundel County, Maryland, alleging "predatory and deceptive debt collection practices" on behalf of "[t]hose persons in the State of Maryland from who Frontline and/or Resurgent have communicated with directly or indirectly for the purpose of collecting a judgment entered in favor of an unlicensed collection agency that filed suit when it was unlicensed."  *Id.*, ¶¶ 1, 34. Specifically, Doyle alleges that both Frontline and Resurgent have violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Counts II & V), and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201, *et seq.* (Counts III & VI).  *Id.*, ¶¶ 54-65, 71-86.  Doyle requests a Declaration of this

Court that neither Frontline nor Resurgent are "entitled, directly or indirectly, as a matter of law to collect against any member of the Class based upon a void judgment" and further requests that both Frontline and Resurgent "be enjoined from attempting to collect any sums from [Doyle] and Class members, directly or indirectly, based upon a void judgment" (Counts I & IV). *Id.*, ¶¶ 50-53, 66-70. Subsequently, Frontline and Resurgent have removed the instant case to this Court, pursuant to 28 U.S.C. § 1441(b). *See* Notice of Removal, ECF No. 1. Now pending before this Court is Frontline and Resurgent's Motion to Dismiss the Complaint, or alternatively, Motion for Stay of Proceedings (ECF No. 12) in light of LVNV's pending appeal in the separate *Finch* Action, pursuant to the "Colorado River" abstention doctrine articulated by the United States Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

## STANDARD OF REVIEW

In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the United States Supreme Court made clear that the pendency of an action in state court does not pose an absolute bar to proceedings concerning the same or a similar matter in federal court. *Colorado River*, 424 U.S. at 817. As a general rule, "our dual system of federal and state governments allows parallel actions to proceed to judgment until one becomes preclusive of the other." *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 462 (4th Cir. 2005). Indeed, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them, *Colorado River*, 424 U.S. at 817, and "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not," *Chase Brexton*, 411 F.3d at 462 (quoting *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404 (1821)).

There is, however, an "extraordinary and narrow exception" to exercising jurisdiction. *Colorado River*, 424 U.S. at 813. A federal district court may abstain from hearing a case over which it has jurisdiction in "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89 (1959)). The burden for the party seeking a stay in federal court is high: "[T]he task [of the district court] is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' . . . to justify the surrender of jurisdiction." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25–26 (1983) (citation and internal quotation marks omitted).

Abstention under *Colorado River* is only appropriate if this Court first determines that the federal and state suits are *parallel*. The United States Court of Appeals for the Fourth Circuit "strictly construe[s] the requirement of parallel federal and state suits, requiring that the parties involved be almost identical." *Chase Brexton*, 411 F.3d at 464. The Fourth Circuit has recently explained in *vonRosenberg v. Lawrence*, 849 F.3d 163, 168 (4th Cir. 2017) that "even state and federal claims arising out of the same factual circumstances do not qualify as parallel if they differ in scope or involve different remedies." The Fourth Circuit has "held *Colorado River* abstention not proper even though resolution of the state suit might have had a *res judicata* effect on some of the claims in the federal action." *Id.* (citing *McLaughlin v. United Virginia Bank*, 955 F.2d 930, 934 (4th Cir. 1992)). If the proceedings are parallel, this Court must next balance several factors to determine whether the case represents an "exceptional circumstance." The Fourth Circuit has instructed courts to consider the following six factors: "(1) whether the subject matter of the litigation involves property

where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights." *vonRosenberg*, 849 F.3d at 168 (quoting *Chase Brexton*, 411 F.3d at 463–64).

<u>ANALYSIS</u>

The Defendants' sole contention in support of the pending Motion to Dismiss the Complaint, or alternatively, Motion for Stay of Proceedings (ECF No. 12) is that this Court should abstain from deciding the instant case in light of LVNV's pending appeal in the separate *Finch* Action, pursuant to the "Colorado River" abstention doctrine articulated by the United States Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). For the reasons that follow, the Defendants have failed to satisfy either prong of the *Colorado River* analysis. First, the instant action brought by Doyle in this Court against Frontline and Resurgent is not "parallel" to the *Finch* Action, now on appeal for the second time before the Maryland Court of Special Appeals, for the purposes of *Colorado River* abstention. Second, the Defendants have failed to overcome the heavy hurdle of establishing that the instant case warrants abstention under the six factors outlined above.

I.    <u>The Instant Action Brought By Doyle Against Frontline and Resurgent and the Separate State Court *Finch* Action Against LVNV are Not "Parallel"</u>

Simultaneous federal and state suits are deemed parallel if "substantially the same parties litigate substantially the same issues." *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991). The Fourth Circuit has reviewed the similarities

8

between concurrent federal and state suits in three key respects: 1) the parties; 2) the legal issues; and 3) the remedy sought. *See, e.g., Great American Ins. Co. v. Gross*, 468 F.3d 199, 207–08 (4th Cir. 2006) (reviewing all three criteria in determining that the district court erred in dismissing the suit on *Colorado River* abstention grounds). For the reasons discussed herein, the instant action and the *Finch* Action are not parallel because they are insufficiently similar with respect to all three criteria.

The instant action brought by Plaintiff Doyle involves a set of Defendants completely different from the Defendant, LVNV, in the *Finch* Action. While the *Finch* Plaintiffs alleged "that LVNV's unlicensed collection activities violated the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law §§ 14–201 to 14–204, and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13–301," Doyle has brought this action against Defendants Frontline and Resurgent alleging separate violations of the Fair Debt Collection Practices Act and Maryland Consumer Debt Collection Act with respect to their efforts to collect on the void judgments obtained by LVNV against the putative class members. Although both actions concern the same judgments obtained by LVNV against Plaintiff debtors in the District Court of Maryland, the Fourth Circuit has recently confirmed in *vonRosenberg v. Lawrence*, 849 F.3d 163, 168 (4th Cir. 2017) that "even state and federal claims arising out of the same factual circumstances do not qualify as parallel if they differ in scope or involve different remedies."

Additionally, the remedies sought in this case are clearly different from those in the *Finch* case. While the *Finch* Plaintiffs and class members recently obtained a judgment against LVNV in the Circuit Court of Maryland for Baltimore City in the amount of

$38,630,344.00, Doyle seeks, *inter alia*, a Declaration that neither Frontline nor Resurgent are "entitled, directly or indirectly, as a matter of law to collect against any member of the Class based upon a void judgment" and further requests that Frontline and Resurgent "be enjoined from attempting to collect any sums from [Doyle] and Class members, directly or indirectly, based upon a void judgment" (Counts I & IV).  *Id.*, ¶¶ 50-53, 66-70.

Some factual overlap between the federal and state suits is insufficient: "The Colorado River doctrine does not give federal courts *carte blanche* to decline to hear cases within their jurisdiction merely because issues or factual disputes in those cases may be addressed in past or pending proceedings before state tribunals." *New Beckley Mining Corp.*, 946 F.2d at 1074 (quoting *U.S. v. SCM Corp.*, 615 F. Supp. 411, 417 (D. Md. 1985)); *see also, e.g., Al–Abood v. El–Shamari*, 217 F.3d 225, 232 (4th Cir. 2000) ("Although the two proceedings have certain facts and arguments in common, the legal issues are not substantially the same."). The instant action and the State Court *Finch* Action differ with respect to the parties involved, the issues alleged, and the damages requested, and are consequently not parallel for purposes of *Colorado River* abstention.

II.     The Requisite "Exceptional Circumstances" Warranting Abstention Are Not Present

Even if Doyle's action in this Court were parallel to the *Finch* Action, the *Colorado River* abstention doctrine is nonetheless inapplicable.  As discussed *supra*, the Fourth Circuit has instructed courts to consider the following six factors: "(1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained

jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights." *vonRosenberg*, 849 F.3d at 168 (quoting *Chase Brexton*, 411 F.3d at 463–64). This Court, however, does not begin its analysis with the balance of factors in equipoise. Instead, "the balance [is] heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16. Balancing these factors, the Defendants have not overcome the heavy burden against abstention.

There is no real property at issue in this case, so the first factor is not at issue. *See* Mem. Supp. Mot., p. 6, ECF No. 12-1. Likewise, the Defendants have conceded that the second factor is not at issue because "neither party is inconvenience[d] by litigation in this [C]ourt." *Id.* The thrust of Defendants' Motion is that the third factor—the desirability of avoiding piecemeal litigation—strongly supports abstention. The Defendants argue that the "Maryland appellate court will determine whether LVNV was required to be licensed and therefore whether judgments obtained during its unlicensed period are void" and that "[w]ithout finality on that issue, this Court would decide a state law issue prior to a ruling by the appellate court on a specific Maryland state law issue." *Id.* at 7.

However, under clear United States Supreme Court and Fourth Circuit precedent, the inherent difficulties associated with concurrent litigation are insufficient to warrant *Colorado River* abstention. The Supreme Court held in *Colorado River* that "[t]he mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." *Colorado River*, 424 U.S. at 816. Similarly, in *Chase Brexton*, the Fourth Circuit held that the district court erred in finding that "disjointed and unreconcilable"

results favored abstention. *Chase Brexton*, 411 F.3d at 465–66.  The Fourth Circuit explained that "the threat of piecemeal litigation in the sense that two cases proceed simultaneously thus is not sufficient to support a decision to abstain under *Colorado River.*" *Id; see also Gannett Co., Inc. v. Clark Const. Group, Inc.*, 286 F.3d 737, 744 (4th Cir. 2002) ("[F]or abstention to be appropriate, retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly ill-suited for resolution in duplicate forums.").

Defendants contend that the central issue of whether LVNV's State Court judgments against Doyle and putative class members were void has yet to be determined on appeal in the *Finch* Action.  However, Defendants overlook the fact that the Maryland Court of Special Appeals has already squarely addressed that question in *Finch v. LVNV Funding, LLC*, 71 A.3d 193, 205 (2013), holding that "LVNV was not licensed when it obtained judgments against appellants in the district court; accordingly, the underlying district court judgments are void."  The Court of Special Appeals has previously denied reconsideration of this judgment, and the Court of Appeals of Maryland denied certiorari.  The fact that LVNV is again attempting to re-litigate this issue upon a second appeal in the *Finch* Action does not on its own warrant abstention from the instant action.  *See, e.g., County v. Fraternal Order of Police, Baltimore County Lodge No. 4*, 144 A.3d 1213, 1223 (Md. 2016) (The law of the case doctrine is a "rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." . . . [u]nder that doctrine, "[o]nce an appellate court rules upon a question presented on appeal, litigants and lower courts become bound by the ruling, which is considered to be the law of the case.") (citations omitted)

The Defendants' additional contentions that the *Finch* Action was filed well before the instant case, that the central issue in this case involves a question of Maryland, as opposed to federal, law, and that the state court proceedings are adequate to protect the parties' rights are equally unpersuasive.  The United States Supreme Court has made clear that "[a] court must look at these factors holistically, 'with the balance heavily weighted in favor of the exercise of jurisdiction.' " *vonRosenberg v. Lawrence*, 849 F.3d 163, 168 (4th Cir. 2017) (citing *Moses H. Cone*, 460 U.S. at 16).  As discussed *supra*, Doyle has raised federal law claims against the Defendants in this case under the Fair Debt Collection Practices Act which, if he prevails, entitle him to statutory damages in addition to actual damages and any recovery he may obtain as a member of the *Finch* Class.  Having considered all of the relevant factors holistically, the Defendants have not overcome the "heavily weighted" balance in favor of retaining jurisdiction, and therefore the Defendants have failed to establish the "extraordinary circumstances" necessary to justify *Colorado River* abstention.

<u>CONCLUSION</u>

For the reasons stated herein, Defendants' Motion to Dismiss the Complaint, or alternatively, Motion for Stay of Proceedings (ECF No. 12) is DENIED.

A separate Order follows.

Dated: April 4, 2017                             _/s/_____
                                                 Richard D. Bennett
                                                 United States District Judge