IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY DOYLE, *et al.*,    *

Plaintiffs    *

v.    *    Civil Action No.: RDB-16-3501

FRONTLINE ASSET    *
STRATEGIES, LLC, *et al.*,
    *
Defendants.
    *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Lead Plaintiff Jeffrey Doyle ("Doyle") and co-Plaintiffs Mario Dazza ("Dazza") and Roberto Aracena ("Aracena") (collectively "Plaintiffs") have brought this putative class action against Frontline Asset Strategies, LLC ("Frontline"); Resurgent Capital Services L.P. ("Resurgent"); Kirschenbaum, Phillips & Levy, P.C. ("Kirschenbaum"); Eltman Law, P.C. d/b/a Eltman, Eltman & Cooper, P.C. ("Eltman"); and Levy & Associates, LLC ("Levy") (collectively "Defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201, *et seq.*, in connection with Defendants' efforts to collect on void judgments obtained against Plaintiffs and members of the putative class by LVNV Funding, LLC ("LVNV"), an unlicensed collection agency. *See e.g.*, *Aracena* Compl., ¶¶ 55-67, ECF No. 1.[1] This action initially proceeded in three separate cases *Doyle v.*

---

[1] As discussed *infra*, this action has recently been consolidated. However, Plaintiff Aracena's Complaint remains docketed in the member case of *Aracena v. Eltman Law, P.C.*, RDB-16-3851.

1

*Frontline Asset Strategies, et al. LLC*, No. RDB-16-3501, *Dazza v. Kirschenbaum, Phillips & Levy, P.C., et al.*, No. RDB-16-3954, and *Aracena v. Eltman Law, P.C.*, No. RDB-16-3851, but has recently been consolidated with Doyle as the lead Plaintiff, via this Court's Order of May 11, 2017 (ECF No. 24). Currently pending before this Court is Defendant Eltman's Motion to Dismiss the Aracena Complaint, or alternatively, Motion for Stay of Proceedings (ECF No. 6)[2], pursuant to the "Colorado River" abstention doctrine articulated by the United States Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Prior to consolidation, this Court denied two similar Motions to Dismiss, or alternatively, Stay Proceedings filed by Defendants Frontline, Resurgent, Kirschenbaum, and Levy in the now consolidated *Doyle* and *Dazza* cases. *See Doyle v. Frontline Asset Strategies, LLC*, No. RDB-16-3501, 2017 WL 1230819, at *6 (D. Md. Apr. 4, 2017); *Dazza v. Kirschenbaum, Phillips & Levy, P.C., et al.*, No. RDB-16-3954, 2017 WL 1315510, at *7 (D. Md. Apr. 10, 2017). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). As with the prior motions, Defendant Eltman fails to satisfy the criteria for abstention set forth in *Colorado River*, and recently confirmed by the United States Court of Appeals for the Fourth Circuit in *vonRosenberg v. Lawrence*, 849 F.3d 163, 168 (4th Cir. 2017). Accordingly, for the reasons herein, Defendant Eltman's Motion to Dismiss the *Aracena* Complaint, or alternatively, Motion for Stay of Proceedings (ECF No. 6) is DENIED.

---

[2] The pending Motion also remains docketed with the *Aracena* Complaint in the member case of *Aracena v. Eltman Law, P.C.*, RDB-16-3851.

## BACKGROUND

I. <u>LVNV Funding, LLC's Maryland State Court Judgment Against Roberto Aracena</u>

Plaintiff Roberto Aracena ("Plaintiff" or "Aracena") is a resident of Wicomico County, Maryland. Aracena Compl., ¶ 5, ECF No. 1. On March 4, 2008, LVNV Funding, LLC ("LVNV"), a collection agency, sued Aracena in the District Court of Maryland for Wicomico County, Case No. 020300014322008, "based upon a consumer claim that it acquired in default from another for pennies on the dollar." *Id.*, ¶ 19. LVNV subsequently "obtained an affidavit judgment of $782.67 plus costs against [Aracena] on June 26, 2008 ([the] "Aracena Judgment")." *Id.*

II. *<u>Finch v. LVNV Funding, LLC</u>* <u>Class Action Filed in the Circuit Court for Baltimore City, Maryland</u>

On November 11, 2009, Larry Finch ("Finch") and Kurt A. Dorsey ("Dorsey"), two debtors against whom LVNV had also obtained judgments, filed a putative class action against LVNV in the Circuit Court for Baltimore City, Maryland (the "*Finch* Action") on behalf of the class of "persons sued by LVNV in Maryland state courts from October 30, 2007 through February 17, 2010 against whom LVNV obtained a judgment for an alleged debt, interest or costs, including attorneys['] fees in its favor in an attempt to collect a consumer debt" (the "Finch Class"). *See Finch v. LVNV Funding, LLC*, 71 A.3d 193, 195 (Md. Ct. Spec. App. 2013). The facts of that action, and its current procedural posture, have been thoroughly summarized by this Court in its prior opinion of April 4, 2012 (ECF No. 19), denying the Motion to Dismiss or, alternatively, Stay Proceedings of Defendants Frontline and Resurgent. *See Doyle v. Frontline Asset Strategies, LLC*, No. RDB-16-3501, 2017 WL 1230819, at *2 (D. Md. Apr. 4, 2017).

In summary, Finch and Dorsey (collectively the "*Finch* Plaintiffs") alleged "that LVNV engaged in illegal collection of debts because LVNV was not licensed as a collection agency in Maryland, as required by the Maryland Collection Agency Licensing Act ("MCALA"), Md. Code Ann., Bus. Reg. § 7–301." *Finch*, 71 A.3d at 195. Upon motion of LVNV, the Circuit Court dismissed the *Finch* Action, reasoning that all "claims [we]re barred as an impermissible attempt to mount a collateral attack on the judgments entered by the District Court of Maryland." *Id.* at 195-96. However, on appeal, the Court of Special Appeals of Maryland reversed the Circuit Court Judgment and remanded the *Finch* Action for further proceedings in an opinion dated June 28, 2013, holding that "LVNV was not licensed when it obtained judgments against [the *Finch* Plaintiffs] in the [D]istrict [C]ourt," that "the underlying [D]istrict [C]ourt judgments [we]re void," and that the "parties may collaterally attack a void judgment in another court." *Id.* at 196, 205. LVNV subsequently appealed the Judgment of the Court of Special Appeals of Maryland to the Court of Appeals of Maryland, but the Court of Appeals denied certiorari on October 8, 2013. *See LVNV Funding v. Finch & Dorsey*, 77 A.3d 1084 (Md. 2013).

On remand, the Circuit Court for Baltimore City, Maryland certified the *Finch* Class and declared the judgments entered against the *Finch* Class members in the District Court of Maryland void and unenforceable. Aracena Compl., ¶ 7, ECF No. 1; *see Finch* Action Docket, p. 21. The Circuit Court entered a final judgment against LVNV. *Id.*, ¶ 7. LVNV has now filed a second appeal in the *Finch* Action, which is currently pending before the Court of Special Appeals of Maryland. On appeal, LVNV challenges, *inter alia*, the Circuit Court's declaring the judgments obtained by LVNV to be void. *Finch* Action Not. of Appeal. As a

4

member of the putative *Finch* Class, Aracena was sent notice of the pendency of the *Finch* Action and was given an opportunity to opt-out of the *Finch* Class. *See* Admin. Order & Notice. The Circuit Court docket confirms that Aracena did not opt-out of the Class Action. *See Finch* Action Docket.

III. Defendant Eltman Law, P.C. d/b/a Eltman, Eltman & Cooper, P.C. Collect on LVNV's 2008 Judgment Against Plaintiff Aracena

On July 17, 2008, LVNV filed a lien against Aracena in the Circuit Court for Wicomico County to attempt to collect the Aracena Judgment. Aracena Compl. ¶ 20, ECF No. 1. Aracena "paid LVNV a lump sum payment of $1,046.00 on January 28, 2015 in order to remove the lien by sending the payment to LVNV's collectors, [Eltman]." *Id.* Eltman "filed a 'Satisfaction of Judgment' on behalf of LVNV on April 2, 2015 based on the void judgment," but did not "tell him that the Aracena Judgment was void as a matter of law, was unenforceable, and that he owed no sum of money based upon the judgment." *Id.*, ¶ 24, 21. Consequently, Aracena was unaware that the judgment against him "was void and [Eltman's] collection of his assets was not proper and legal." *Id.*, ¶ 25.

IV. The Instant Putative Class Action Against Eltman

On November 30, 2016, Aracena brought the instant putative class action against Eltman, alleging "predatory and deceptive debt collection practices" on behalf of "[t]hose persons in the State of Maryland from whom Eltman has communicated with directly or indirectly for the purpose of collecting a judgment entered in favor of an unlicensed collection agency that filed suit when it was unlicensed." *Id.*, ¶¶ 1, 36. Specifically, Aracena alleges that Elman has violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Count II), and the Maryland Consumer Debt Collection Act

5

("MCDCA"), Md. Code Ann., Com. Law § 14-201, *et seq.* (Count III). *Id.*, ¶¶ 55-67. Aracena requests a Declaration of this Court that "Eltman is not entitled, directly or indirectly, as a matter of law to collect against any member of the Class based upon a void judgment" and that "Eltman may not, directly or indirectly threaten or actually utilize the assistance of any Maryland court to collect or attempt to collect upon any void judgment acquired by an unlicensed collection agency upon a consumer claim" (Count I). *Id.*, ¶ 53. Aracena further requests that Eltman "be enjoined from attempting to collect any sums from [Aracena] and Class members, directly or indirectly, based upon a void judgment" (also Count I). *Id.*, ¶ 54. As discussed *supra*, this case has now been consolidated with the member cases of *Doyle* and *Dazza*, with *Doyle* as the lead case. Now pending before this Court is Eltman's Motion to Dismiss the Aracena Complaint, or alternatively, Motion for Stay of Proceedings (ECF No. 6) in light of LVNV's pending appeal in the separate *Finch* Action, pursuant to the "Colorado River" abstention doctrine articulated by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

## STANDARD OF REVIEW

In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the United States Supreme Court made clear that the pendency of an action in state court does not pose an absolute bar to proceedings concerning the same or a similar matter in federal court. *Colorado River*, 424 U.S. at 817. As a general rule, "our dual system of federal and state governments allows parallel actions to proceed to judgment until one becomes preclusive of the other." *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 462 (4th Cir. 2005). Indeed, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction

given to them, *Colorado River*, 424 U.S. at 817, and "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not," *Chase Brexton*, 411 F.3d at 462 (quoting *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404 (1821)).

There is, however, an "extraordinary and narrow exception" to exercising jurisdiction. *Colorado River*, 424 U.S. at 813. A federal district court may abstain from hearing a case over which it has jurisdiction in "exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Id.* (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89 (1959)). The burden for the party seeking a stay in federal court is high: "[T]he task [of the district court] is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' . . . to justify the surrender of jurisdiction." *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25–26 (1983) (citation and internal quotation marks omitted).

Abstention under *Colorado River* is only appropriate if this Court first determines that the federal and state suits are *parallel*. The United States Court of Appeals for the Fourth Circuit "strictly construe[s] the requirement of parallel federal and state suits, requiring that the parties involved be almost identical." *Chase Brexton*, 411 F.3d at 464. The Fourth Circuit has recently explained in *vonRosenberg v. Lawrence*, 849 F.3d 163, 168 (4th Cir. 2017) that "even state and federal claims arising out of the same factual circumstances do not qualify as parallel if they differ in scope or involve different remedies." The Fourth Circuit has "held *Colorado River* abstention not proper even though resolution of the state suit might have had a *res judicata* effect on some of the claims in the federal action." *Id.* (citing *McLaughlin v. United Virginia Bank*, 955 F.2d 930, 934 (4th Cir. 1992)). If the proceedings are parallel, this

7

Court must next balance several factors to determine whether the case represents an "exceptional circumstance." The Fourth Circuit has instructed courts to consider the following six factors: "(1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights." *vonRosenberg*, 849 F.3d at 168 (quoting *Chase Brexton*, 411 F.3d at 463–64).

## ANALYSIS

Eltman's sole contention in support of the pending Motion to Dismiss Plaintiff's Complaint, or alternatively, Motion for Stay of Proceedings (ECF No. 6) is that this Court should abstain from deciding the instant case in light of LVNV's pending appeal in the separate *Finch* Action, pursuant to the "Colorado River" abstention doctrine articulated by the United States Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). As discussed *supra*, this Court has recently denied two Motions to Dismiss, or alternatively, Stay Proceedings based on the same argument in *Doyle v. Frontline Asset Strategies, LLC*, No. RDB-16-3501, 2017 WL 1230819, at *6 (D. Md. Apr. 4, 2017) and *Dazza v. Kirschenbaum, Phillips & Levy, P.C., et al.*, No. RDB-16-3954, 2017 WL 1315510, at *7 (D. Md. Apr. 10, 2017), two actions which have now been consolidated with this case and which also allege violations of the Fair Debt Collection Practices Act and Maryland Consumer Debt Collection Act by Defendants in connection with their efforts to collect on

void judgments obtained by LVNV. For the reasons outlined in those prior opinions and further explained herein, Eltman has failed to satisfy either prong of the *Colorado River* analysis. First, the complaint brought by Aracena in this Court against Eltman is not "parallel" to the *Finch* Action, now on appeal for the second time before the Maryland Court of Special Appeals, for the purposes of *Colorado River* abstention. Second, Eltman has failed to overcome the heavy hurdle of establishing that the instant case warrants abstention under the six factors outlined above.

I.  The Instant Action Brought By Aracena Against Eltman and the Separate State Court *Finch* Action Against LVNV are Not "Parallel"

Simultaneous federal and state suits are deemed parallel if "substantially the same parties litigate substantially the same issues." *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991). The Fourth Circuit has reviewed the similarities between concurrent federal and state suits in three key respects: 1) the parties; 2) the legal issues; and 3) the remedy sought. *See, e.g., Great American Ins. Co. v. Gross*, 468 F.3d 199, 207–08 (4th Cir. 2006) (reviewing all three criteria in determining that the district court erred in dismissing the suit on *Colorado River* abstention grounds). For the reasons discussed herein, the instant action and the *Finch* Action are not parallel because they are insufficiently similar with respect to all three criteria.

The instant action brought by Plaintiff Aracena involves a Defendant completely different from the Defendant, LVNV, in the *Finch* Action. While the *Finch* Plaintiffs alleged "that LVNV's unlicensed collection activities violated the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law §§ 14–201 to 14–204, and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13–301,"

9

Aracena has brought this action against Defendant Eltman alleging separate violations of the Fair Debt Collection Practices Act and Maryland Consumer Debt Collection Act with respect to Eltman's efforts to collect on the void judgments obtained by LVNV against the putative class members. Although both actions concern the same judgments obtained by LVNV against Plaintiff debtors in the District Court of Maryland, the Fourth Circuit has recently held in *vonRosenberg v. Lawrence*, 849 F.3d 163, 168 (4th Cir. 2017) that "even state and federal claims arising out of the same factual circumstances do not qualify as parallel if they differ in scope or involve different remedies."

Additionally, the remedies sought in this case are clearly different from those in the *Finch* case. While the *Finch* Plaintiffs and class members recently obtained a monetary judgment against LVNV in the Circuit Court of Maryland for Baltimore City, Aracena seeks, *inter alia*, a Declaration that Eltman is "not entitled, directly or indirectly, as a matter of law to collect against any member of the Class based upon a void judgment" and further requests that Eltman "be enjoined from attempting to collect any sums from [Aracena] and Class members, directly or indirectly, based upon a void judgment" (Count I). Compl., ¶¶ 53, 54, ECF No. 1.

Some factual overlap between the federal and state suits is insufficient: "The *Colorado River* doctrine does not give federal courts *carte blanche* to decline to hear cases within their jurisdiction merely because issues or factual disputes in those cases may be addressed in past or pending proceedings before state tribunals." *New Beckley Mining Corp.*, 946 F.2d at 1074 (quoting *United States. v. SCM Corp.*, 615 F. Supp. 411, 417 (D. Md. 1985)); *see also, e.g., Al-Abood v. El-Shamari*, 217 F.3d 225, 232 (4th Cir. 2000) ("Although the two proceedings have

certain facts and arguments in common, the legal issues are not substantially the same."). The instant action and the State Court *Finch* Action differ with respect to the parties involved, the issues alleged, and the damages requested, and are consequently not parallel for purposes of *Colorado River* abstention.

II. The Requisite "Exceptional Circumstances" Warranting Abstention Are Not Present

Even if Aracena's action in this Court were parallel to the *Finch* Action, the *Colorado River* abstention doctrine is nonetheless inapplicable. As discussed *supra*, the Fourth Circuit has instructed courts to consider the following six factors: "(1) whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights." *vonRosenberg*, 849 F.3d at 168 (quoting *Chase Brexton*, 411 F.3d at 463–64). This Court, however, does not begin its analysis with the balance of factors in equipoise. Instead, "the balance [is] heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16. Balancing these factors, Eltman has not overcome the heavy burden against abstention.

There is no real property at issue in this case, so the first factor is not at issue. *See* Br. Supp. Mot. to Dismiss/for Stay of Proceedings, p. 6, ECF No. 6. Likewise, Eltman has conceded that the second factor is not at issue because "neither party is inconvenience[d] by litigation in this [C]ourt." *Id.* The thrust of Eltman's Motion is that the third factor—the

11

desirability of avoiding piecemeal litigation—strongly supports abstention. Eltman argues that the "Maryland appellate court will determine whether LVNV was required to be licensed and therefore whether judgments obtained during its unlicensed period are void" and that "[w]ithout finality on that issue, this Court would decide a state law issue prior to a ruling by the Maryland appellate court on the specific Maryland state law issue." *Id.* at 8.

However, under clear United States Supreme Court and Fourth Circuit precedent, the inherent difficulties associated with concurrent litigation are insufficient to warrant *Colorado River* abstention. The Supreme Court held in *Colorado River* that "[t]he mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." *Colorado River*, 424 U.S. at 816. Similarly, in *Chase Brexton*, the Fourth Circuit held that the district court erred in finding that "disjointed and unreconcilable" results favored abstention. *Chase Brexton*, 411 F.3d at 465–66. The Fourth Circuit explained that "the threat of piecemeal litigation in the sense that two cases proceed simultaneously thus is not sufficient to support a decision to abstain under *Colorado River*." *Id; see also Gannett Co., Inc. v. Clark Const. Group, Inc.*, 286 F.3d 737, 744 (4th Cir. 2002) ("[F]or abstention to be appropriate, retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly ill-suited for resolution in duplicate forums.").

Eltman contends that the central issue of whether LVNV's State Court judgments against Aracena and putative class members were void has yet to be determined on appeal in the *Finch* Action. However, Eltman overlooks the fact that the Maryland Court of Special Appeals has already squarely addressed that question in *Finch v. LVNV Funding, LLC*, 71

A.3d 193, 205 (2013), holding that "LVNV was not licensed when it obtained judgments against appellants in the district court; accordingly, the underlying district court judgments are void." The Court of Special Appeals has previously denied reconsideration of this judgment, and the Court of Appeals of Maryland denied certiorari. The fact that LVNV is again attempting to re-litigate this issue upon a second appeal in the *Finch* Action does not on its own warrant abstention from the instant action. *See, e.g., County v. Fraternal Order of Police, Baltimore County Lodge No. 4*, 144 A.3d 1213, 1223 (Md. 2016) (The law of the case doctrine is a "rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." . . . [u]nder that doctrine, "[o]nce an appellate court rules upon a question presented on appeal, litigants and lower courts become bound by the ruling, which is considered to be the law of the case.") (citations omitted)

Eltman's additional contentions that the *Finch* Action was filed well before the instant case, that the central issue in this case involves a question of Maryland, as opposed to federal, law, and that the state court proceedings are adequate to protect the parties' rights are equally unpersuasive. The United States Supreme Court has made clear that "[a] court must look at these factors holistically, 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *vonRosenberg v. Lawrence*, 849 F.3d 163, 168 (4th Cir. 2017) (citing *Moses H. Cone*, 460 U.S. at 16). As discussed *supra*, Aracena has raised federal law claims against Eltman in this case under the Fair Debt Collection Practices Act which, if he prevails, entitle him to statutory damages in addition to actual damages and any recovery he may obtain as a member of the *Finch* Class. Having considered all of the relevant factors holistically, Eltman has not overcome the "heavily weighted" balance in favor of retaining

13

jurisdiction, and therefore Eltman has failed to establish the "extraordinary circumstances" necessary to justify *Colorado River* abstention.

## CONCLUSION

For the reasons stated herein, Eltman's Motion to Dismiss the Aracena Complaint, or alternatively, Motion for Stay of Proceedings (ECF No. 6) is DENIED.

A separate Order follows.

Dated: June 15, 2017

                                                           /s/ Richard D. Bennett

                                                     Richard D. Bennett
                                                     United States District Judge