IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| JEFFREY DOYLE | * | |
| | * | |
| Plaintiff | * | |
| | * | Case No. 1:16-cv-03501-RDB |
| v. | * | (Consolidated Cases) |
| | * | |
| FRONTLINE ASSET | * | |
| STRATEGIES, LLC, *et al.* | | * |
| | * | |
| Defendants. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
## SETTLEMENT AGREEMENT AND SUPPORTING
## MEMORANDUM OF LAW

Plaintiff Mario Dazza through counsel and pursuant to Fed. R. Civ. P. 23, file this unopposed motion for preliminary certification and approval of the proposed class action settlement in this matter.

## I. INTRODUCTION

On December 9, 2016, Plaintiff Dazza filed a putative class action lawsuit captioned *Dazza v. Kirschenbaum, Phillips & Levy, P.C.*, *et al.* (hereinafter referred to as the "Lawsuit"), asserting class claims against Defendants under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.* This action was consolidated with other similar actions and the consolidated case is *Doyle, et al. v. Frontline Asset Strategies, et al.,* Case No. 1:16-cv-03501-RDB.

Plaintiff alleges that Defendants violated the FDCPA and related state law by improperly collecting upon a class of void judgments entered in favor of LVNV Funding LLC without the right to do so.  Defendants deny these allegations. After arms-length negotiations with experienced counsel, the Parties entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), attached hereto as **Exhibit 1**.  Pursuant to Fed. R. Civ. P. 23(e), Plaintiff now seeks preliminary certification and approval of the proposed class action settlement which will resolve the Lawsuit. Specifically, the Plaintiff  requests the Court preliminarily certify the proposed class and preliminarily approve the proposed class action settlement by entering the Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order") attached hereto as **Exhibit 2**.

## II. SUPPORTING MEMORANDUM OF LAW

### A. PROPOSED SETTLEMENT

As stated above, the Agreement is attached hereto as **Exhibit 1**. The significant terms of the proposed settlement are set forth in the following sub-paragraphs.

#### 1. Certification of a Fed. R. Civ. P. 23(b)(3) Maryland Class.

For settlement purposes only, and pursuant to Fed. R. Civ. P. 23 (b)(3), the Plaintiff seeks preliminary certification of the following class of plaintiffs (hereinafter referred to as the "Class members"):

> Those persons in the State of Maryland from whom
> Levy has communicated with, directly or indirectly,
> from December 9, 2013 until December 9, 2016.
> for the purpose of collecting a judgment entered in
>     favor of LVNV Funding LLC ("LVNV") when
> LVNV sued while not licensed as a collection agency

Ex. 1, Agreement, at ¶ 6.

Defendants stipulate and warrant that the size of the Class equals approximately 544 persons.

### 2. Class Representative and Class Counsel Appointment.

Plaintiff proposes, and Defendants agree, for settlement purposes only, that Plaintiff be designated the class representative for the settling Class members (hereinafter referred to as the "Class Representative" or "Plaintiff"), and Jane Santoni, Matthew Vocci and Chelsea Ortega of Santoni, Vocci & Ortega, LLC, Scott C. Borison of the Legg Law Firm LLP and Phillip Robinson of the Consumer Law Center LLC be designated as counsel for the Maryland Class Members (hereinafter referred to as "Class Counsel"). *Id.* at ¶ 5.

Class Counsel's qualifications are set forth in **Exhibit 3** hereto.

### 3. Notice to Class Members per Fed. R. Civ. P. 23.

Pursuant to Fed. R. Civ. P. 23(c)(2), Plaintiff proposes, that the Notice attached hereto as **Exhibit 4** shall be sent to each Class member. *See, e.g.*, *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 254 (3d Cir. 1975) ("By its terms, the mandatory notice requirement of (c)(2) applies only to actions maintained under (b)(3)."). The proposed settlement, therefore, provides for notice to the Class

members to be sent to each Class member within approximately 45 days of the Court's preliminary approval of the Settlement Agreement. Ex. 1, Agreement, at ¶ 36. Notice to the Class shall be conducted by Class Counsel and Plaintiff subject to supervision and verification by Defendants' counsel. *Id.*

### 4. Exclusions and Objections.

In compliance with Fed. R. Civ. P. 23(b)(3), the Class members will be permitted to exclude themselves from the class. Ex. 1, at ¶ 38. Any Class member who intends to object to the fairness of the settlement must file a written objection with the Court no later than 60 days after notice is sent. Ex. 1, at ¶ 37. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and counsel for Defendants. *Id.* In the written objection, the Class member must state: his or her full name, address, telephone number and email address (if available); the reasons for his or her objection; and, whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel. *Id.*

Any Class member who does not file a valid and timely objection to the settlement shall be barred from seeking review of the settlement by appeal or otherwise. *Id.*

### 5. Settlement Consideration.

As explained above, the proposed settlement class is a Rule 23(b)(3) settlement class, and, therefore, the settlement consideration is as described in Ex. 1, Agreement, at ¶¶ 28 and 33.

**6. Relief to the Class.**

Under the proposed settlement, Defendants will pay a sum of $77,000.00 to a Common Fund to be distributed to Class members as follows: $30.00 to each class member, plus the remainder to be distributed on a *pro rata* basis to each class member who paid money to Levy on the void judgments, less (i) attorney's fees, costs and Plaintiff's incentive payment that may be awarded by the Court; and (ii) any costs associated with providing notice to all Class Members and the administration of the settlement, all of which shall be paid from the Common Fund. *See id.* at ¶ 28.

**7. Class Representative Incentive Payments and Settlements.**

In recognition of Plaintiff's services as the Class Representative, the parties agree that the Class Representative should receive an incentive payment of $2,500.00 from the Common Fund. *See id.* at ¶ 28(b)(i).

**8. Attorneys' Fees, (Non-Notice) Costs, and Expenses.**

In addition to the benefits described above, Class Counsel shall be entitled to petition the Court for an award of reasonable attorney's fees and costs to Class Counsel, related to this action, including reasonable time spent handling communications from Class members, to be determined by the Court. *Id.* at ¶ 29.

**9. Class Action Fairness Act.**

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, within 10 days of the filing of the Agreement, Defendants will send any notice of the proposed settlement as required by the Act.

## B. THE SETTLEMENT SATISFIES THE REQUIREMENTS OF RULE 23

"The class-action device was designed as 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982). "Class relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and when they 'turn on questions of law applicable in the same manner to each member of the class.'" *Id.* "For in such cases, 'the class action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23.'" *Id.* (changes in original).

Courts in the Fourth Circuit have recognized "there is an overriding public interest in favor of settlement, particularly in class action suits." *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10 (E.D. Va. 2009). "There is a 'strong presumption in favor of finding a settlement fair;'" nevertheless, a proposed settlement must satisfy the requirements of Rule 23. *Id.*; *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997). "Fed. R. Civ. P. 23 enumerates the requirements for certification of a class action. The Court may certify a class only if it satisfies all the prerequisites of Rule 23(a), and the requirements of at least one subdivision of Rule 23(b)." *Peoples v. Wendover Funding, Inc.*, 179 F.R.D. 492, 496 (D. MD. 1998).

The reason to favor class certification is that class action lawsuits are

**essential**, and often the only practical way, to enforce consumer protection

laws.

> In a large and impersonal society, class actions are often the last
> barricade of consumer protection . . . . To consumerists, the
> consumer class action is an inviting procedural device to cope with
> frauds causing small damages to large groups. The slight loss to the
> individual, when aggregated in the coffers of the wrongdoer, results
> in gains which are both handsome and tempting.
>
> The alternatives to the class action – private suits or governmental
> actions – have been so often found wanting in controlling consumer
> frauds that not even the ardent critics of class actions seriously
> contend that they are not truly effective. The consumer class action,
> when brought by those who have no other avenue of legal redress,
> provides restitution to the injured, and deterrence of the wrongdoer.

*Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill. App. 3d 995, 574 N.E. 2d

760, 764 (Ill. 1991).

This approach was echoed by this Court in *Arrington v. Colleen, Inc.*, 2001

WL 34117734, at *1 (D. Md. Apr. 2, 2001):

> Class certification is a useful tool which can economize and focus
> judicial resources by allowing the court to consolidate similar claims
> and provide consistent and conclusive final judgments. Class
> certification also allows claims that may not otherwise be brought,
> because the cost of bringing the individual claim is prohibitive when
> the remedy is either injunctive relief or small monetary damages.

*Id.*

Straightforward consumer cases such as this one are routinely certified as

class actions by courts in Maryland and elsewhere. The United States Supreme

Court has noted that cases involving consumer or securities fraud or violations of

anti-trust laws are especially appropriate for class action treatment. *Windsor,* 521 U.S. at 625. *See also Benway v. Res. Real Estate Servs., LLC,* 239 F.R.D. 419 (D. Md. 2006) (certified class action claims for violation of RESPA); *Mitchell-Tracey v. United Gen. Title Ins. Co.,* 237 F.R.D. 551 (D. Md. 2006) (certifying two consumer classes against title insurance underwriter for agents' overcharges); *Peoples,* 179 F.R.D. at 497 (certifying consumer class action against loan servicer).

Finally, nearly identical matters have been certified by this Court as meeting all the requirements of Rule 23. *See Castillo v. Nagle & Zaller, P.C.,* Case No. 1:12-cv-02338, (D. Md.) (Order entered July 25, 2013); *Bradshaw v. Hilco,* Civ. Case No. 1:10-cv-00113, (D. Md.) (Order entered Feb. 7, 2011). Other matters raising similar issues have been approved as settlement classes. *See e.g., Hauk v. LVNV Funding, LLC,* CCB-09-3238; *Johnson v. Midland Funding,* CIV.A. ELH - 09-2391.

## 1. The Fed. R. Civ. P. 23(A) Requirements are Satisfied.

Rule 23(a) provides: "One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable [i.e. numerosity]; (2) there are questions of law or fact common to the class [i.e. commonality]; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [i.e. typicality]; and (4) the representative parties will fairly and adequately protect the interests of the class [i.e. adequacy of representation]."

The proposed class satisfies the Fed. R. Civ. P. 23(a) prerequisites. Each prerequisite is discussed below.

### a. Numerosity.

Numerosity requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticability refers only to difficulty, not impossibility." *Peoples*, 179 F.R.D. at 497. "[G]enerally, courts find classes of at least 40 members sufficiently large to satisfy the [numerosity] requirement." *Id*.

The numerosity requirement is easily met in this case since Defendants represent and warrant that the class equals approximately 544 persons.

Plaintiff claims Defendants violated the FDCPA and state law by collecting upon and attempting to collect upon void judgments entered in favor of LVNV while it was acting without a collection agency license.  Defendants deny that they had knowledge that the judgments were void and otherwise deny liability.

Joinder of all 544 approximate class members would be impracticable.

### b. Commonality.

"Rule 23(a)(2) requires that the court find that 'there are questions of law or fact common to the class.'" *Central Wesleyan College v. W.R. Grace & Co.*, 143 F.R.D. 628, 636 (D. S.C. 1992). "Commonality [however] does not require class members to share all issues in the suit, but simply a single common issue. Thus, factual differences among the class members' cases will not preclude certification if the class members share the same legal theory." *Peoples*, 179 F.R.D. at 498. *See*

*also* C. Wright and A. Miller, *Federal Practice and Procedures*, §1763 at 12681 (West 1994); *Arrington v. Colleen, Inc.*, 2001 WL 34117734, *3 (D. Md. Apr. 2, 2001); *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 553 (S.D.N.Y. 1995) (citing *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 198 (S.D.N.Y. 1992)). "*Thus, factual differences among class members' cases will not preclude certification if the class members share the same legal theory.*" *Peoples*, 179 F.R.D. at 498 (*citing Brown v. Eckerd Drugs, Inc.*, 663 F.2d 1268, 1275 (4th Cir. 1981), *vacated on other grounds*, 457 U.S. 1128 (1982)) (emphasis added).

The commonality requirement is met here. Plaintiff's claims and the claims of the proposed Class members are factually and legally identical. As discussed above, the central issue in this case is whether Defendants improperly collected upon or attempted to collect upon a class of void judgments entered in favor of LVNV. Plaintiff's and the proposed Class members' claims stem from the same alleged conduct – debt collection activities against them. Class certification would result in practical and efficient case management.

### c. Typicality.

"The typicality requirement goes to the heart of the representative party's ability to represent the class, particularly as it tends to merge with the commonality and adequacy-of-representation requirements." *Deiter v. Kloth*, 436 F.3d 461, 466 (4th Cir. 2006). Typicality requires "the claims or defenses of the class representative typify those of the class as a whole." *Peoples*, 179 F.R.D. at 498. "The essence of the typicality requirement is captured by the notion that 'as

10

goes the claim of the named plaintiff[s], so go the claims of the class.'" *Deiter*, 436 F.3d at 466. "The test for determining typicality is whether the claim or defense arises from the same course of conduct leading to the class claims, and whether the same legal theory underlies the claims or defenses." *Id.*

Here, like commonality, the typicality requirement is plainly satisfied. As explained, Plaintiff's claims and the claims of the proposed Class members stem from the same alleged conduct, and are legally and factually identical. Plaintiff's claims are, therefore, not only typical of the claims of the Class, they are virtually identical to them. *See Kohl v. Assoc. of Trial Lawyers of Am.*, 183 F.R.D. 475, 484 (D. Md. 1998); *Benway*, 239 F.R.D. at 424.

### d. Adequacy of Representation.

The adequacy of representation requirement "focuses on class counsel's competence and experience and on the degree of antagonism between the class and the representative." *Peoples*, 179 F.R.D. at 499. The purpose of the requirement is "to uncover conflicts of interest between the named parties and the class they seek to represent." *Amchem Prods., Inc.*, 521 U.S. at 625. "A class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977).

Here, Plaintiff has no claim or interest that conflicts with those of the Class. Named Plaintiff has followed this case diligently, personally communicated with

and conferred with Class Counsel and is prepared to answer discovery and testify
at trial if this matter cannot be otherwise resolved.

Appointment of class counsel is now governed by Rule 23(g), which
provides:

> (1) *Appointing Class Counsel.*
>
>> (A) Unless a statute provides otherwise, a court that certifies a
>> class must appoint class counsel.
>>
>> (B) An attorney appointed to serve as class counsel must
>> fairly and adequately represent the interests of the class.
>>
>> (C) In appointing class counsel, the court
>>
>>> (i) must consider: the work counsel has done in
>>> identifying or  investigating potential claims in the
>>> action, counsel's experience in handling class actions,
>>> other complex litigation, and claims of the type
>>> asserted in the action, counsel's knowledge of the
>>> applicable law, and the resources counsel will commit
>>> to representing the class;
>>> (ii) may consider any other matter pertinent to
>>> counsel's ability to fairly and adequately represent the
>>> interests of the class;
>>> (iii) may direct potential class counsel to provide
>>> information on any subject pertinent to the
>>> appointment and to propose terms for attorney fees and
>>> nontaxable costs; and
>>> (iv) may make further orders in connection with the
>>> appointment.

*Id.*

Consideration of each of the mandatory factors warrants appointment of the
Plaintiffs' counsel as class counsel in this matter. The claims were identified
because counsels' practices are devoted to advocating for and representing

consumers. Counsel stay well educated on current issues in the consumer law area by participating in legislative matters, litigating cases, as well as speaking on the law related to the claims. Identifying Plaintiff's claims was possible because of counsels' active involvement in the consumer law issues. Prior to and since filing this lawsuit, Plaintiff's counsel have investigated Defendants and their practices. Plaintiff's counsel has and will commit sufficient resources to prosecute the case if it is not otherwise resolved.

Plaintiff's counsel are very experienced in class actions as well as consumer law. Plaintiff's counsel have previously been found to be adequate class counsel and have served as lead class counsel in numerous cases involving consumer fraud and other legal violations. As set forth in the attached Declarations of Counsel, **Exhibit 3**, Jane Santoni, Matthew Vocci, Chelsea Ortega, Scott C. Borison and Phillip Robinson, each have served as class counsel in many class actions, including cases in this Court. A list of Class Counsels' class action cases are set forth in the accompanying Declarations, **Exhibit 3**.

Finally, Plaintiff has no antagonistic interests to the Class members. Plaintiff's claims are identical to the Class members' claims and there is no potential for conflicting interests in this action.

### 2.     The Fed. R. Civ. P. 23(B)(3) Requirements are Satisfied.

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (b)(2), or (b)(3)." *Amchem Prods., Inc.*, 521 U.S. at 614.

The Parties here seek certification pursuant to Rule 23(b)(3). Under (b)(3), the plaintiff must demonstrate that the common questions of law or fact predominate over questions effecting only individual members and that a class action is the superior method for the fair and efficient handling of the claim. These criteria are referred to as predominance and superiority. Factors relevant to an examination of those criteria include the following: (1) the interest of the individual members in controlling the prosecution or defense of their case; (2) the extent and nature of other litigation already commenced involving the parties; (3) the desirability of concentrating the claims in the particular forum; and (4) difficulties likely to be encountered in management of the case.

This case meets both tests. The common questions of law and fact predominate over any individual questions of class members. Defendants took the same action (or inactions) with respect to Plaintiff and class members. What is at issue is whether Defendants violated any consumer protection laws when they sought to collect upon the void judgments entered in favor of LVNV. Defendants' actions (or inactions) predominate and parties submit there are no individual questions since what is at issue is Defendants' efforts to collect upon or attempt to collect upon LVNV's void judgments.

The class action here also meets the superiority test. Many of the affected individuals may not be in a position to enforce their rights through a lengthy and costly suit. Without a class action, the persons who have claims may never be able

14

to obtain relief. A class action is appropriate and a superior method of providing relief to the class members.

Rule 23(e) provides a class action shall be "compromised only with the court's approval." Fed. R. Civ. P. 23(e). "The primary concern addressed by Rule 23(e) is the protection of class members whose rights may not have been given adequate consideration during the settlement negotiations." In re *Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991). "When a settlement agreement has been the subject of arms-length bargaining, with class counsel in a position to evaluate accurately the chances of the class prevailing if the case went to trial and where no objections are raised by any of the affected parties, there is a strong presumption in favor of the settlement." *Houston v. URS Corp.*, 2009 WL 2474055, at *5 (E.D. Va. 2009). However, "[i]f the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).

"Courts have identified several factors . . . which merit consideration. These may be broken down into two major categories: those which go to 'fairness' and those which go to 'adequacy' of a settlement." In re *Montgomery County Real Estate Antitrust Litig.*, 83 F.R.D. 305, 315 (D. Md. 1979); *see also* In re *Jiffy Lube Sec. Litig.*, 927 F.2d at 158–59.

### a. The Proposed Settlement Satisfies the Fairness Factors.

To meet the fairness factors, the Court must determine "the settlement was reached as a result of good-faith bargaining at arm's length, without collusion, on

the basis of (1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel. . . ." *In re Jiffy Lube Sec. Litig.*, 927 F.2d at 158−59; *Kovacs v. Ernst & Young*, 927 F.2d 155, 158 (4th Cir. 1991).

Although the Parties reached a settlement fairly early in this Lawsuit, the Parties negotiated the proposed settlement at arms-length after careful and extended consideration of the strengths and weaknesses of Plaintiff's claims and Defendants' defenses. Significant to the settlement was the low net worth of Defendants which applies to the maximum statutory damages awarded under the FDCPA.

The proposed settlement was not the product of fraud or collusion. The Parties have been represented by counsel experienced in consumer and class litigation. Class Counsel are "seasoned attorneys" and have determined this settlement is in the Class members' best interest (and does not interfere whatsoever with any rights they have against LVNV). Class Counsels' qualifications are further set forth in **Exhibit 3**. Counsel for Defendants also has a national practice in similar litigation and substantial experience with the issues raised by the Plaintiff's claims and allegations.

### b.  The Proposed Settlement Satisfies the Adequacy Factors.

To determine if the settlement is adequate, the Court must consider "(1) the relative strength of the plaintiff's case on the merits, (2) the existence of any

difficulties of proof or strong defenses the plaintiff is likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement." *Id*. at 159. While the fifth factor is inapplicable at this stage, application of the other relevant factors shows the proposed settlement provides adequate relief to the class members.

. Protracted discovery, motions practice and a trial in this case would be lengthy and expensive and early settlement will avoid significant fees and costs to each side and delay any relief to the class.

### III. CONCLUSION

WHEREFORE, for the reasons set forth above, and pursuant to Fed. R. Civ. P. 23(b)(3), the Parties respectfully request that the Court preliminarily certify the proposed class and preliminarily approve the proposed settlement by entering the proposed Preliminary Approval Order attached as **Exhibit 2**, and for such other relief as this Court deems proper.

Respectfully submitted,

*//s//Jane Santoni*
Jane Santoni, Fed. Bar Number 05303
Matthew Vocci, Federal Bar Number 28235
Chelsea Ortega, Federal Bar Number 19327
Santoni, Vocci & Ortega, LLC
401 Washington Avenue Suite 200
Towson, Maryland 21204
Phone (443) 921-8161
jsantoni@svolaw.com

*//s//Phillip R. Robinson*
Phillip R. Robinson, Fed. Bar Number 27824
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD  20910
Phone (301) 448-1304
phillip@marylandconsumer.com

*//s// Scott C. Borison*
Scott C. Borison, Fed. Bar Number 22576
Legg Law Firm, LLP.
1900 S. Norfolk Rd. Suite 350
San Mateo CA 94403

MD Office:
5235 Westview Dr. Suite 100
Frederick, Maryland 21703
Phone (301) 620-1016
borison@legglaw.com

*Counsel for the Plaintiffs and Class*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing and attachments were sent to all parties and counsel of record when this motion was filed with the Court's ECF service.

*//s// Jane Santoni*
Jane Santoni